PEOPLE v. CANTU

1. CRIMINAL LAW—GUILTY PLEA—VOLUNTARINESS—EXAMINATION—ACCEPTANCE—COURT RULE.

A trial judge must advise accused of the nature of the charge against him and of the consequences of a guilty plea and regardless of whether the accused is represented by counsel the trial judge must examine the accused to determine whether his guilty plea is freely, voluntarily and understandingly made without undue influence, compulsion, duress, or promises of leniency; otherwise the court cannot accept a plea of guilty (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—GUILTY PLEA—FACTUAL BASIS—COURT RULE.

A substantial factual basis must exist for the acceptance of an accused's guilty plea under a court rule relating to the voluntariness of such plea (GCR 1963, 785.3[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 et seq.
[3] 21 Am Jur 2d, Criminal Law §§ 503, 504.
[4, 5] 21 Am Jur 2d, Criminal Law § 505.

3. CRIMINAL LAW—GUILTY PLEA—WITHDRAWAL—DISCRETION.

An absolute right to withdraw a guilty plea does not exist but a trial court should exercise its discretion with great liberality when a motion to withdraw a plea of guilty is made before sentencing or commencement of trial.

4. CRIMINAL LAW—GUILTY PLEA—VOLUNTARINESS—MOTION TO WITHDRAW—DENIAL.

Defendant's motion to withdraw his guilty plea was properly denied where the record showed that he had been fully advised of his rights, that his statements were freely, understandingly and voluntarily made and were true and there was nothing in the record to indicate that defendant pled guilty for any reason but that he was guilty (GCR 1963, 785.3[2]).

5. CRIMINAL LAW—GUILTY PLEA—MOTION TO WITHDRAW—DENIAL—DILATORY TACTICS.

Denial of a motion to withdraw a guilty plea is proper where the withdrawal request is clearly a dilatory tactic and the guilty plea was freely, understandingly and voluntarily made (GCR 1963, 785.3[2]).

Appeal from Tuscola, James P. Churchill, J. Submitted Division 2 December 5, 1969, at Lansing. (Docket No. 6,653.)   Decided December 9, 1969.

Reymundo Cantu was convicted, on his plea of guilty, of indecent liberties.   Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James P. Epskamp,* Prosecuting Attorney, for the people.

*Maurice C. Ransford,* for defendant on appeal.

Before: FITZGERALD, P. J., and T. M. BURNS and BRONSON, JJ.

FITZGERALD, P. J.   The defendant, Reymundo Cantu, was arrested on April 13, 1965, and charged

with the offense of taking indecent liberties with a female under the age of 16 contrary to the provisions of MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). On June 30, 1965, defendant entered a plea of not guilty. On July 13, 1965, the date set for trial, defendant elected to change his plea to guilty. The new plea was entered and on October 5, 1965, before being sentenced, he moved to withdraw his plea of guilty and reinstate the original plea. The motion was denied and defendant was sentenced to serve 7–1/2 to 10 years in prison. Leave to appeal was granted on May 9, 1969.

The main issue with which the Court is faced concerns an alleged error by the trial court in its denial of defendant's motion to withdraw his plea of guilty. More specifically, we are asked to review the court's finding that defendant's plea was made freely, voluntarily and with an understanding of the nature of the charges and consequences.

Defendant contends that he was not advised of his constitutional rights by the arresting officer, that he was induced to plead guilty by an alleged promise made by the officer that the judge would go easy on him and that his wife would reconcile with him.

The problem in the instant case concerns the requirements of GCR 1963, 785.3(2) which states:

"(2) Imposing Sentence. If the accused pleads guilty, after such plea and before sentence the court shall inform the accused of the nature of the accusation and the consequences of his plea; and regardless of whether he is represented by counsel, the court shall examine the accused, not necessarily under oath, and as a condition of accepting the plea of guilty and imposing sentence shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and without promise of leniency. Unless

the court determines that the plea of guilty was so made, it shall not be accepted."

This rule also requires the existence of a substantial factual basis for the plea. *People* v. *Barrows* (1957), 358 Mich 267; *People* v. *Perine* (1967), 7 Mich App 292; and *People* v. *Mason* (1968), 13 Mich App 277.

An examination of the record indicates that defendant had been advised of his rights and was aware that he did not have to make any statement or answer any questions and that any statement offered or answers given might be used in evidence against him. It appears that defendant's statements were made freely and voluntarily and that such statements were true.

It is well established that there does not exist an absolute right to withdraw a plea of guilty. However, the cases suggest that a trial judge's discretion should be exercised with great liberality when the motion is made before sentencing or commencement of trial. *People* v. *Bencheck* (1960), 360 Mich 430.

In consideration of defendant's motion, the trial court stated:

"It does not appear to me that the motion is based on his sincere conviction by the defendant of his rights being violated. It appears that the matter is dilatory and vexatious and that his plea was freely given and voluntarily given. There was no compulsion of any kind whatsoever and for that reason the motion is denied."

A review of the record in the instant case shows that defendant's plea was voluntary. The record fails to reveal any facts which would sustain defendant's contention that he was pleading guilty for reasons other than his actual guilt. In *People* v.

*Whitmer* (1969), 16 Mich App 703, 705, this Court set forth its position on requests for withdrawal of a plea before sentencing when it stated:

"The problem in these cases, a practical one, is that widespread use of the practice would hinder the administration of justice, especially in jurisdictions with crowded criminal dockets, in that all witnesses who were discharged from any subpoena obligation at the time of the plea, now have to be relocated and subpoenaed for trial. Where the case clearly indicates the request for withdrawal of plea before sentencing is a dilatory tactic, then the trial court should deny the request if it appears the plea was freely and voluntarily made."

It is therefore the holding of this Court that the motion for withdrawal of the plea was properly denied and the decision of the trial court is affirmed.

All concurred.