PEOPLE *v.* FENN

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—WITHDRAWAL
OF PLEA—LENIENCY.

Refusal by trial court to allow defendant to withdraw his plea
of guilty before sentencing was proper where the court, before
accepting the plea, specifically asked defendant whether he
had been promised anything in return for a guilty plea and
defendant answered no, and the court thereupon explained to
defendant that it alone had the power to promise leniency
and that it would not recognize promises of leniency by any
other person, which defendant indicated that he understood,
since on the basis of the plea examination the trial court had no
reason to doubt the voluntariness of defendant's plea or to
conclude that defendant had been promised leniency by the
prosecutor in return for a guilty plea (GCR 1963, 785.3[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRE-
TION.

No absolute right exists to withdraw a guilty plea, but trial
courts should exercise their discretion with great liberality
when a motion to withdraw a guilty plea is made before
sentence or commencement of trial.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—PLEA
BARTERING—EVIDENCE.

Unsupported allegation of prosecutorial bartering is insufficient
to require reversal of trial court's denial of a defendant's
motion to withdraw his guilty plea when the prosecutor
explicitly denied promising defendant probation for his plea
of guilty.

Appeal from Recorder's Court of Detroit, Thomas
L. Poindexter, J.  Submitted Division 1 March 12,

REFERENCE FOR POINTS IN HEADNOTES
[1–3]  21 Am Jur 2d, Criminal Law § 504 *et seq.*

1970, at Detroit.  (Docket No. 6,704.)  Decided April 30, 1970.

Andrew Lee Fenn was convicted, on his plea of guilty, of attempted breaking and entering.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur D. Leonard,* for defendant on appeal.

Before:  T. M. Burns, P. J., and Holbrook and Bronson, JJ.

Per Curiam.  Defendant, Andrew Lee Fenn, was charged with breaking and entering an occupied dwelling.[1]  Defendant, having waived examination, appeared in Recorder's Court of Detroit and entered a plea of guilty to the lesser offense of attempted breaking and entering.[2]

At the guilty plea hearing the following exchange took place between the court and the defendant:

*"The Court:*  I understand that you wish to offer a plea of guilty to the included offense of attempted breaking and entering an occupied dwelling; is that correct?

*"Defendant Fenn:*  Yes, sir, your Honor.

*"The Court:*  Has anybody promised you anything to get you to plead guilty?

*"Defendant Fenn:*  No, sir.

---

[1] MCLA § 750.110 (Stat Ann 1962 Rev § 28.305).
[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

"*The Court:* Has anybody threatened you?

"*Defendant Fenn:* No, sir.

"*The Court:* You understand, of course, that nobody except the court has the power to promise leniency in this case, and the court recognizes no such promises; you understand that?

"*Defendant Fenn:* Yes, sir, I understand.

"*The Court:* You are pleading guilty because you are guilty; is that true?

"*Defendant Fenn:* Yes, sir.

"*The Court:* Very well, I would like to have the officer sworn and make a short statement of what occurred in this case."

Two weeks later, when he appeared for sentencing, defendant sought leave to withdraw his prior guilty plea:

"*The Court:* Defendant, you pleaded guilty before this court on November 10th, 1967, to attempted breaking and entering * * * . Is there anything that you—that offense carries a possible maximum punishment of five years imprisonment. Is there anything that you wish to say why sentence should not be pronounced?

"*Defendant Fenn:* Yes, sir, because I am not guilty.

"*The Court:* Then why did you plead guilty, may I ask?

"*Defendant Fenn:* I pleaded guilty, your Honor, because I had been promised I would get probation out of it and subsequently after that they told me I wouldn't get probation, I had already pleaded guilty.

"*The Court:* The court very firmly explained to you at the time that you pleaded guilty that the court recognized no such promises, and I want to point out to you that the probation officer checked and found that in 1959, when you pleaded guilty at that time, you made the same statement and, afterwards, claimed that you had not been notified so that

the court can place very little trust in your statement in that regard.

"The court finds you guilty  *  *  *  ."

Defendant appeals, arguing that his guilty plea was involuntary because it was induced by the prosecutor's promise of leniency and that the trial court erred in refusing to allow the defendant to withdraw the plea prior to sentencing.

The problem in the instant case concerns the requirements of GCR 1963, 785.3(2) which states in part that a trial court accepting a guilty plea shall

"*  *  *  examine the accused  *  *  *  and *  *  *  shall ascertain that the plea was freely, understandingly, and voluntarily made, without undue influence, compulsion, or duress, and *without promise of leniency.*"  (Emphasis added.)

An examination of the record indicates that the court specifically asked the accused whether he had been promised anything in return for pleading guilty. The defendant answered no. The court then asked the accused whether he understood that only the court had the power to promise leniency and, further, that the court would not recognize promises made by any other person. The defendant again indicated that he understood. We are unable to conclude from this record that the court should have had reason to doubt the voluntariness of the appellant's plea or specifically to conclude that the accused had been promised leniency by the prosecutor in return for his plea. The record demonstrates substantial compliance with GCR 1963, 785.3(2) and therefore reversal is not justified on this ground. *People* v. *Cantu* (1969), 20 Mich App 695.

It is well established that there does not exist an absolute right to withdraw a plea of guilty. However, cases suggest that a trial judge's discretion

should be exercised with great liberality when the motion is made prior to sentence or commencement of trial. *People* v. *Bencheck* (1960), 360 Mich 430; *People* v. *Zaleski* (1965), 375 Mich 71; *People* v. *Hollman* (1968), 12 Mich App 231; *People* v. *Whitmer* (1969), 16 Mich App 703; *People* v. *Cantu, supra.* As we said in *People* v. *Jarvis Green* (1970), 21 Mich App 188, 190.

"There are indeed early statements of the Supreme Court indicating that a guilty plea may be withdrawn as a matter of right before sentencing. See *People* v. *Stone* (1940), 293 Mich 658; *People* v. *Vasquez* (1942), 303 Mich 340, 342. These statements appear to have been overruled *sub silentio* by later decisions of the Supreme Court. See *People* v. *Davis* (1964), 372 Mich 402; *People* v. *Case* (1954), 340 Mich 526; *People* v. *Zaleski* (1965), 375 Mich 71, 81. In *Zaleski,* the Supreme Court held that one seeking to withdraw a guilty plea even before sentence must state a 'persuasive reason' why the withdrawal should be permitted."

This Court has also recognized that:

"The problem in these cases, a practical one, is that widespread use of the practice would hinder the administration of justice, especially in jurisdictions with crowded criminal dockets, in that all witnesses who were discharged from any subpoena obligation at the time of the plea, now have to be relocated and subpoenaed for trial. Where the case clearly indicates the request for withdrawal of plea before sentencing is a dilatory tactic, then the trial court should deny the request if it appears the plea was freely and voluntarily made." *People* v. *Whitmer, supra,* at 705; also quoted with approval in *People* v. *Cantu, supra.*

The defendant alleges that the prosecutor promised him leniency. There is not the slightest

support for this allegation in the record. Furthermore, the prosecutor explicitly denied promising probation for a guilty plea. Under such circumstances, unsupported allegations of prosecutorial bartering are not sufficient to require reversal. *In re Valle* (1961), 364 Mich 471, 478; *People* v. *Cantu, supra.*

Affirmed.