### PEOPLE *v.* MALONE

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

A defendant does not have an absolute right to withdraw his plea of guilty; the withdrawal is within the trial judge's discretion and his exercise of that discretion is not reversible unless he has abused it.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

Denial of defendant's motion to withdraw his plea of guilty was not an abuse of discretion where his withdrawal motion was made only after a codefendant had received a sentence of seven to ten years.

Appeal from Wayne, Cornelia G. Kennedy, J. Submitted Division 1 January 11, 1971, at Detroit. (Docket No. 7311.) Decided April 27, 1971. Reversed by Supreme Court and remanded to trial court, 385 Mich 769.

Emmett Malone was convicted, on his plea of guilty, of assault with intent to rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 503 *et seq.*
Right to withdraw plea of guilty. 20 ALR 1445 supp. 66 ALR 628.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. Defendant Emmett Malone was charged, along with two other young men, with the crimes of kidnaping[1] and carnal knowledge of a female under 16 years of age.[2] Defendant, while represented by counsel, pled guilty to assault with intent to rape[3] and was sentenced to serve from five to ten years in prison.

After he pled guilty and at the time of sentencing, the defendant moved to withdraw his plea of guilty, asserting that his attorney had talked him into pleading guilty despite his innocence. Defendant's motion was denied. A formal motion to withdraw his guilty plea and vacate sentence was subsequently filed and denied in a written opinion by the trial judge. Defendant appeals and assigns as error the trial court's refusal to allow him to withdraw his plea of guilty.

The rule in Michigan is that there is no absolute right on the part of an accused person to withdraw a plea of guilty. *People* v. *Zaleski* (1965), 375 Mich 71; *People* v. *Whitmer* (1969), 16 Mich App 703. Withdrawal of a guilty plea is a matter confided to the discretion of the trial judge and his exercise of his discretion is not reversed unless there is abuse. *People* v. *Pulliam* (1968), 10 Mich App 481.

Defendant's claim that he was talked into pleading guilty by his attorney was denied by the attorney. The judge, after listening to both the defendant and his attorney, declined to credit the defendant's claim.

In denying the defendant's post-sentence motion to withdraw his plea of guilty, the judge said that

---

[1] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581).
[2] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).
[3] MCLA § 750.85 (Stat Ann 1962 Rev § 28.280).

the defendant's at-time-of-sentence motion to withdraw his plea was made only after a codefendant was sentenced to serve a term of seven to ten years. See *People* v. *Davis* (1964), 372 Mich 402.

We are satisfied from our examination of the record that the judge did not err in accepting the plea or in denying the defendant's motion to withdraw his guilty plea.

Affirmed.