PEOPLE *v.* BOONE

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.
   The trial judge improperly denied defendant's motion to with-
   draw his plea of guilty where defendant alleged that the
   prosecutor would not accept any pleas of guilty from the
   defendant and his two alleged accomplices unless all pled
   guilty and that the other men threatened to testify against
   the defendant if he did not plead guilty, the defendant, on
   his motion to withdraw the plea, said that he had not sig-
   naled his attorney, when the jury was being impaneled, that
   he wished to plead guilty, the court concluded that the defend-
   ant had signaled his attorney that he wished to plead guilty,
   and the court based its decision to deny the motion on the
   defendant's lie about the signal; because the defendant's other
   allegations were not necessarily untrue, an inquiry into the
   other allegations must be held.

Appeal from Genesee, Philip C. Elliott, J.  Sub-
mitted Division 2 September 7, 1971, at Lansing.
(Docket No. 11365.)  Decided October 27, 1971.

Raymond Lee Boone was convicted, on his plea of
guilty, of assault with intent to rob while armed.
Defendant appeals.  Remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Richard Ruhala,* for defendant on appeal.

Before: V. J. Brennan, P. J., and Fitzgerald and Levin, JJ.

Per Curiam. The defendant and two others, Ronald Thomas and Booker T. Washington, were originally charged with the crime of robbery armed (MCLA § 750.529 [Stat Ann 1971 Cum Supp § 28-.797]). The defendant pled guilty to the crime of assault with intent to rob while armed (MCLA § 750.89 [Stat Ann 1962 Rev § 28.284]) and was sentenced by the court to 12-1/2 to 20 years. Between entry of his guilty plea and sentencing, the defendant made a motion to withdraw his guilty plea.

Defendant alleged in support of this motion that the prosecutor would not accept any guilty pleas to the lesser offense unless all defendants pled guilty, and furthermore that defendant's alleged accomplices threatened to testify against him if he did not plead along with them to the lesser offense. The court had already begun to impanel a jury to try the defendants on the greater offense, when the defendant signaled his attorney that he was willing to plead guilty to the lesser offense. When the court later heard defendant's motion to withdraw his plea, defendant denied that he signaled his attorney at the commencement of the jury trial. After the court's contrary recollection was verified by defense counsel, the court stated:

"I know that what Mr. Boone said five minutes ago is a darned lie and I'm going to deny his motion to withdraw his plea."

While the defendant may have lied regarding the events which transpired at the commencement of his jury trial, and while he may indeed have signaled

his counsel that he was then ready to plead guilty, it does not follow that the other allegations of the defendant were untrue. We therefore remand for an inquiry into these allegations in light of *People v. Malone* (1971), 385 Mich 769.