PEOPLE v BOONE

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

A motion to withdraw a guilty plea is addressed to the trial court's discretion, but that discretion should be exercised liberally when a motion which is not frivolous is made before sentencing and is accompanied by an assertion of innocence.

2. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—DISCRETION.

A defendant's reason for withdrawal of a guilty plea was not frivolous where the prosecutor offered three defendants a package deal in reducing the charge, but refused to accept the plea of any of the defendants unless the other two also pled; such an offer placed great pressure on defendant where the two co-defendants wanted to plead to the lesser offense and defendant was unwilling to plead until after a discussion with his co-defendants, during which defendant also claims he was pressured; although this type of pressure might not be sufficient basis for withdrawal of a guilty plea *after* sentencing, it constitutes solid basis for withdrawal of a guilty plea *before* sentencing, and a trial court should liberally grant motions to withdraw guilty pleas under such circumstances.

CONCURRENCE BY J. H. GILLIS AND VAN VALKENBURG, JJ.

3. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

A defendant who initiated an offer to plead guilty to a reduced charge after some of the prospective jurors were seated in the jury box and the indorsed witnesses were present in the courtroom and who was allowed to plead guilty may move to withdraw his plea before sentencing when the motion is not frivolous and the defendant asserts his innocence; a trial judge must liberally grant such a motion based on existing case law,

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

but such tactics while permissible on the part of the defendant tend to discourage witnesses from coming into a court of law, and a concurrence in a reversal of the conviction and remand for a new trial is reluctantly made.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 April 12, 1973, at Lansing. (Docket No. 15276.) Decided May 25, 1973. Leave to appeal applied for.

Raymond Boone was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Richard J. Ruhala,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

LESINSKI, C. J. Defendant pled guilty to a charge of assault with intent to rob being armed, MCLA 750.89; MSA 28.284. Prior to sentencing defendant moved to withdraw his plea. The trial court denied the motion. We reverse.

Another panel of this Court, in *People v Boone,* 36 Mich App 697 (1971), remanded this case to the trial court to inquire into defendant's allegations, in support of his motion, in light of *People v Malone,* 385 Mich 769 (1971). *Malone* refers to standards set out in *People v Bencheck,* 360 Mich 430 (1960), and *People v Zaleski,* 375 Mich 71 (1965). The *Boone* Court required the lower court to inquire into the following allegations:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Defendant alleged in support of this motion that the prosecutor would not accept any guilty pleas to the lesser offense unless all defendants pled guilty, and furthermore that defendant's alleged accomplices threatened to testify against him if he did not plead along with them to the lesser offense."

The trial court found that there was no reason to permit defendant to withdraw his plea. The court, however, made the following finding of fact:

"Defendants were told that the prosecutor would not accept pleas to the probationable offense unless all defendants pled guilty to that offense so that trial would be avoided."

While a motion to withdraw a guilty plea is addressed to the trial court's discretion, that discretion should be exercised liberally when the motion is made before sentencing and is accompanied by an assertion of innocence. *People v Bencheck, supra.* In the case at bar defendant moved to withdraw his plea prior to sentencing. Immediately following the plea he asserted his innocence. He has consistently maintained his innocence since that time. *Zaleski* has modified the *Bencheck* standard by requiring that the motion not be frivolous. See *People v Pulliam,* 10 Mich App 481 (1968). The prosecutor here offered the three defendants a package deal. He refused to accept any defendant's plea without the other two also pleading. Testimony at the hearing revealed that this offer placed great pressure on defendant because the two codefendants wanted to plead to the lesser offense. It was not refuted that defendant was unwilling to plead until after a discussion with his codefendants—during which defendant claims he was pressured. Although this type of pressure might not be sufficient basis for withdrawal of a

guilty plea *after* sentencing, it constitutes solid basis for withdrawal of a guilty plea *before* sentencing—when the court should liberally grant such a motion. We find that defendant's reason for withdrawal of the guilty plea was not frivolous.

In *People v Hollman,* 12 Mich App 231 (1968), defendant attempted to withdraw his guilty plea alleging that he had been pressured into the plea by his wife who was too ill to withstand the pressures of a trial. Charges against defendant's wife were dropped when he pled guilty. The Court held that it was error to refuse to allow withdrawal of the guilty plea. At page 235 the Court said:

"Permission to withdraw a plea of guilty must be liberally granted, especially where, as in the instant case, no trial has commenced and the record shows circumstances that cast grave suspicion upon the veracity and voluntariness of the guilty plea. We hold that it was an abuse of discretion to deny defendant's motion to withdraw his plea of guilty.

"The effect of defendant's waiver of his right to a jury trial was nullified by his subsequent motion for a trial by jury. At any time prior to trial and sentencing, courts must be patient with indecisive defendants concerning their basic constitutional right to a trial by jury."

We hold that it was an abuse of discretion to deny defendant's motion to withdraw his guilty plea. Reversed and remanded.

J. H. GILLIS and VAN VALKENBURG, JJ. *(concurring).* Based on existing case law, we reluctantly concur in the results. Here, the defendant initiated the offer to plead after some of the prospective jurors were seated in the jury box. Eight indorsed witnesses and approximately 150 jurors were pres-

ent in the court house at the moment that defendant nudged his attorney and indicated he wanted to enter a plea. Such permissible tactics on the part of a defendant tend to discourage witnesses to come into a court of law. As we order a new trial these same witnesses will again be required to return to court and lose more time from their normal schedule in order to testify in this cause. The defendant, who at the time of his plea was already imprisoned on another charge, will have another chance to "play games" with a busy trial judge and have his day in court.