PEOPLE v THOMAS (AFTER REMAND)

Docket No. 29780. Submitted October 6, 1977, at Grand Rapids.—
Decided May 9, 1978.

Albert W. Thomas, Jr., was convicted, on his plea of guilty, of
armed robbery in the Berrien Circuit Court, Julian E. Hughes,
J. Prior to sentencing the defendant sought to withdraw his
plea claiming he had pled guilty under duress. Defendant's
request was denied and he was sentenced. Defendant appealed
to the Court of Appeals which remanded for a hearing on the
issue of coercion, 66 Mich App 594 (1976). On remand, the
Berrien Circuit Court, Chester J. Byrns, J., found no coercion
or reason to permit withdrawal of the plea. Defendant appeals.
*Held:*

The Court of Appeals resolves doubts regarding substantia-
tion of a defendant's reasons for withdrawal of a plea of guilty
in the defendant's favor; however, the trial court's findings will
not be disturbed on appeal where the record leaves no room for
doubt that the defendant's reasons are lacking in substance.

Affirmed.

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—SUBSTANTI-
ATION—APPEAL AND ERROR—RECORD.

The Court of Appeals resolves doubts regarding substantiation of
a defendant's reasons for withdrawal of a plea of guilty in favor
of the defendant; however, the trial court's findings will not be
disturbed on appeal where the record leaves no room for doubt
that the defendant's reasons are lacking in substance.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John Smietanka,*
Prosecuting Attorney, and *Chris W. Dunfield,* As-
sistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate
Defender, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 503 *et seq.*

Before: M. F. Cavanagh, P. J., and Bronson and M. J. Kelly, JJ.

### After Remand

Per Curiam. Defendant's plea of guilty to armed robbery, MCL 750.529; MSA 28.797, was tendered and accepted on the day set for trial. Some four days later, the defendant wrote the trial judge, in part:

"Your hon: I am not trying to be funny or nothing but I would like to change my plea again. I want to plea not guilty. I don't have a reason for this other than the fact that I want to just plea not guilty for a little while longer until I make up my mind what I want to do. Thank You!"

At sentencing, some nine days thereafter, defendant again requested to withdraw his plea and claimed he had pled guilty under duress. The request was denied, the trial court "finding that the reason is totally and completely frivolous, and the Court is satisfied of your guilt in this matter". From his life sentence defendant appealed. This Court, at 66 Mich App 594; 239 NW2d 427 (1976), lv den 396 Mich 866 (1976), remanded for a hearing on the issue of coercion. Upon his review of the testimony presented at the evidentiary hearing, the trial court found:

"This court in these type of hearings must use its own experience as well as its knowledge of human beings in forming the necessary judgment to decide credibility. What the defendant has claimed as to the threats to force a plea of guilty must really rest on his own credibility versus the credibility of Messrs. Krause and Johnson. This court, even if there was a reasonable doubt or even a suspicion of doubt that these threats or

promises of any kind were made to the defendant to get him to plead guilty, would without hesitation grant his motion to withdraw the plea of guilty. This court has not even the shadow of a doubt that any officer or anyone else who appears in the record of this case or in this hearing used any promises or threats to secure a plea of guilty by the defendant.

"It finds without question that the defendant freely and voluntarily made his plea of guilty on his own volition knowing it might mean life imprisonment, although perhaps hoping it would not come to that.

"It finds, using the words of the Court of Appeals' opinion, that defendant's claims are merely allegations and there is no credible evidence of coercion.

"This court does not want to burden an already sizeable record in quoting from the transcript of the guilty plea taking procedure before Judge Hughes, though it certainly urges anyone reviewing this matter to read it. This court itself has had many hundreds of pleas taken before it through the years and seldom has it seen a more proper and clear plea taking than that of the defendant. The record leads to the conclusion that the defendant knowingly and voluntarily pled guilty being fully aware life imprisonment could well be, as in time it did become, the punishment."

The court concluded its findings as follows:

"In conclusion in these findings, three questions face a conscientious judge in taking or reviewing a plea of guilty.

"One, does and did the defendant fully understand all his rights under the laws of this nation and state?

"Two, does and did the defendant admit in open court voluntarily enough facts to beyond a reasonable doubt and even in guilty plea cases positively prove his guilt of the crime to which he is pleading?

"Three, is and was the plea voluntarily and knowingly made without any promises, threats or coercion of any kind?

"This court from this hearing and the records in this

case without any hesitation answers all three questions in the affirmative.

"Having found *no coercion or any reason whatever to permit the defendant to withdraw his plea* or to set the plea of guilty aside, this court is returning through its clerk to the Court of Appeals for any further processing of this case and, of course, its files and for any further action that that court deems necessary or advisable." (Emphasis added.)

From the myriad of confusing decisions dealing with guilty plea withdrawals generally and the burden of proof on motions to withdraw specifically, we can posit the following as the rule: doubts regarding substantiation of the reasons for withdrawal are to be resolved in the defendant's favor, *People v Moomey,* 53 Mich App 576; 220 NW2d 210 (1974), *People v Malone,* 33 Mich App 179; 190 NW2d 112 (1971); however, where, as in this case, the record leaves no room for doubt that the reasons are lacking in substance, a trial court finding to this effect will not be disturbed on appeal. See *People v Pulliam,* 10 Mich App 481; 157 NW2d 302 (1968), *People v Morgan,* 63 Mich App 686; 235 NW2d 154 (1975), *People v Cantu,* 20 Mich App 695; 174 NW2d 601 (1969), and *People v Fenn,* 23 Mich App 560; 179 NW2d 247 (1970).

Affirmed.