PEOPLE v HALE

Docket No. 44432. Submitted April 7, 1980, at Detroit.—Decided July 7, 1980.

Thomas Hale was convicted, on his plea of guilty, of armed robbery, Wayne Circuit Court, Victor J. Baum, J. Prior to sentencing, defendant moved to withdraw his guilty plea because of defense counsel's failure to proceed on the day of the plea with a scheduled evidentiary hearing on the admissibility of a confession which defendant had made. During a colloquy with the court, defendant indicated that the police had given him the impression that if he cooperated he would get no more than a two-year sentence. The trial court denied the motion to withdraw the guilty plea and sentenced defendant to a prison term of from 10 to 25 years. Defendant appeals, arguing that the trial court abused its discretion by denying defendant's motion to withdraw his guilty plea, since defendant's reason for seeking withdrawal of the guilty plea, *i.e.*, that his defense counsel had failed to proceed with a challenge to a confession which had been induced by promises by the police of leniency, was not frivolous in nature. *Held:*

1. While there is no absolute right to withdraw a guilty plea, even when the motion is made prior to sentencing, trial courts should treat motions to withdraw a guilty plea with great liberality. Trial courts need not grant a motion to withdraw a guilty plea where the reasons stated in support of the motion are obviously frivolous; however, the courts should resolve any doubts about the substantiation of the reasons for the motion to withdraw the plea in favor of the defendant.

2. A claim of ineffective assistance of counsel is reviewable in an appeal of a conviction by a plea of guilty. The Court of Appeals will not review the merits of such a claim where the trial court record contains insufficient evidence to substantiate

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 503 *et seq.*

Withdrawal of plea of guilty or nolo contendere, under Rule 32(d) of Federal Rules of Criminal Procedure. 6 ALR Fed 665.

[2] 58 Am Jur 2d, New Trial §§ 160, 161.

[3] 5 Am Jur 2d, Appeal and Error § 962.

a defendant's unsupported allegation of ineffective assistance of counsel.

3. Since defendant's claim that he was denied effective assistance of counsel by counsel's failure to proceed with a hearing on the admissibility of his confession and was thereby induced to offer his plea of guilty is not obviously frivolous, it is necessary to remand the matter to the trial court for a hearing wherein the defendant may present evidence that substantiates his claim that his plea of guilty was the result of the failure of defense counsel to challenge the confession which had allegedly been induced by promises of leniency and the prosecution may submit proof to the contrary. The trial court shall make its findings and those findings, along with a transcript of the evidentiary hearing, shall be submitted to the Court of Appeals.

Remanded with instructions. The Court of Appeals retains jurisdiction.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF GUILTY PLEA.

There is no absolute right to withdraw a guilty plea once it has been accepted; however, while a trial court need not grant a motion to withdraw a guilty plea made before sentencing where the reasons stated for the withdrawal are "obviously frivolous", the trial court must treat such motions with great liberality and must resolve doubts about substantiation of the reasons for withdrawal in favor of the defendant.

2. APPEAL — CRIMINAL LAW — GUILTY PLEAS — EFFECTIVE ASSISTANCE OF COUNSEL.

A claim of ineffective assistance of counsel is reviewable in an appeal of a conviction by a plea of guilty; however, the Court of Appeals will not review a claim of ineffective assistance of counsel where there is insufficient support in the trial court record establishing the defendant's claim and the defendant has failed to raise the issue of ineffective assistance of counsel before the trial court by a motion for new trial or for an evidentiary hearing.

3. APPEAL — CRIMINAL LAW — GUILTY PLEAS.

The Court of Appeals will remand for an evidentiary hearing on the question of whether a defendant should be permitted to withdraw his guilty plea where, upon review of the trial court record relative to the motion to withdraw the plea, the Court of Appeals is neither able to conclude that the defendant's reasons for seeking to withdraw his plea are substantiated nor able to conclude that the defendant's reasons for seeking to withdraw his guilty plea were obviously frivolous.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. Prior to sentencing, defendant made a request to withdraw his guilty plea, which request was denied. Defendant was then sentenced to 10 to 25 years imprisonment. He appeals as of right.

Defendant raises one issue for review, contending that the trial court abused its discretion in refusing to grant defendant's motion to withdraw his plea of guilty.

On December 19, 1978, the date set for trial, defendant pled guilty to armed robbery. When asked whether anybody had promised him anything to induce him to plead guilty, defendant said no. On January 9, 1979, the date of sentencing, defense counsel stated that defendant wished to withdraw his guilty plea because of counsel's failure to go through with an evidentiary hearing on the admissibility of the defendant's confession scheduled for the day the plea was entered.

The defendant and the court engaged in the following colloquy:

"THE DEFENDANT: Your Honor, to start with, I was not so much as promised, I was—well, the deal was I was, I wasn't supposed to get any more than two years.

· "THE COURT: Now, with whom, with whom is there such a deal?

"THE DEFENDANT: The Detroit Police, and in front of witnesses which I haven't had a chance to bring to court, and I was under the impression that I was coming and getting ready to have evidentiary hearing, which didn't wind up as being evidentiary hearing at all, and I—

"THE COURT: You understood you didn't have to plead guilty on the day you were in court. What day was that?"

Defendant indicated: "[T]hey didn't tell me to plead guilty. They told me if I cooperated, I would get two years and be on the street in 18 months". The trial judge refused to allow the plea to be withdrawn.

There is no absolute right to withdraw a guilty plea once it is accepted. *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979). However, the trial court must treat such motions with great liberality when made before sentencing. *People v Hollman,* 12 Mich App 231, 235; 162 NW2d 817 (1968), *app dis* 381 Mich 791 (1968), *People v Hatcher,* 83 Mich App 307, 308; 268 NW2d 389 (1978), *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 175 (1965). A trial court need not grant a motion to withdraw a guilty plea where the reasons stated for the withdrawal are "obviously frivolous". *People v Thomas, (After Remand),* 83 Mich App 235; 268 NW2d 356 (1978), *Zaleski, supra.* Furthermore, doubts concerning substantiation of the reasons for withdrawal must be resolved in the defendant's favor. *People v Moomey,* 53 Mich App 576, 579; 220 NW2d 210 (1974), *Thomas, supra.*

This Court has applied the "great liberality" standard to reverse a denial of a motion to withdraw a guilty plea under facts similar to those in the case at bar. In *People v Stockard,* 49 Mich App

540, 544-545; 212 NW2d 609 (1973), *lv den* 391 Mich 772 (1974), the defendant filed a motion to withdraw his guilty plea prior to sentencing. This Court, in reversing and ordering a remand for trial, stated:

"In the hearing on the motion to withdraw plea, the most serious arguments advanced by defense counsel were as follows: (1) representations by police officers had been made to defendant out of the presence of defense counsel that things would go easier for defendant were he to plead guilty; (2) defendant's plea was entered the day following damaging admissions made in reference to the murder charge. Defendant claimed these admissions to have been involuntary. Thus, defendant alleged that his decision to plead guilty came at a time of great psychological confusion and was influenced thereby.

\* \* \*

"While defendant's most serious allegations in support of his motion to withdraw plea may not have been completely substantiated, neither were they clearly frivolous. In *People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191, 192 (1960), it was stated:

" 'Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted. The right we deal with here is the right to a jury trial, and even what may prove a well-founded belief in defendant's guilt on the part of the trial judge should not impede the exercise of that right."

We, therefore, hold that defendant's motion to withdraw plea should have been granted.

Defendant further argues that he was denied effective assistance of counsel when his attorney failed to proceed with a scheduled *Walker*[1] hearing

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

prior to the entry of the guilty plea. An ineffective assistance of counsel claim is reviewable after a guilty plea. *People v McDonnell,* 91 Mich App 458; 283 NW2d 773 (1979). There is insufficient support in the record to establish the defendant's claim since, among other things, there is nothing but the defendant's unsupported allegation to indicate that his confession was involuntary. See *People v Krokker,* 83 Mich App 474; 268 NW2d 689 (1978). This Court will not review this issue where the defendant has made no motion for a new trial or for an evidentiary hearing. *People v Clemons,* 74 Mich App 448; 253 NW2d 795 (1977), *People v McKenzie,* 67 Mich App 356; 241 NW2d 205 (1976). *People v Lewis,* 64 Mich App 175; 235 NW2d 100 (1975), is distinguishable because, in that case, there was substantial support in the record for the defendant's claim of ineffective assistance.

We are neither able to conclude that the defendant's reasons for seeking to withdraw his plea were "obviously frivolous" nor, for that matter, that defendant's reasons for seeking to withdraw his plea were substantiated. This matter is remanded to the trial court for a hearing to permit defendant to present evidence to substantiate his claim and for the people to submit proof to the contrary concerning defendant's claim that he was induced to plead guilty by promises of leniency. The evidentiary hearing is to be completed and the trial court's findings, together with the transcript of said hearing, are to be submitted to this Court within 60 days from the date this opinion is issued. We retain jurisdiction.