PEOPLE v HALE (AFTER REMAND)

Docket No. 44432. Submitted April 7, 1980, at Detroit.—Decided March 6, 1981.

Thomas Hale pled guilty to armed robbery. Prior to sentencing, he moved to withdraw his plea, claiming that he was induced to plead guilty by a promise made by police to him that if he cooperated he would receive a sentence of no greater than two years in prison. The trial court denied his motion and defendant appealed. Following a hearing on appeal, the Court of Appeals remanded the case to the trial court, directing the court to hold an evidentiary hearing relative to defendant's claim, 99 Mich App 177 (1980). Following the hearing, the trial court found that no promises of leniency were made by police to the defendant, but that the prosecution did not make known defendant's cooperation to the court and that this should have been done prior to sentencing. It further recommended that the case be remanded to it for resentencing, Wayne Circuit Court, Victor J. Baum, J. After remand, *held:*

1. The findings of the trial court were not clearly erroneous. The court properly denied defendant's motion to withdraw his plea.

2. The trial court correctly held that information regarding defendant's cooperation with police should have been made known to it prior to sentencing.

3. Defendant's sentence is vacated, and the case is remanded for resentencing.

Affirmed in part, reversed in part, and remanded.

1. APPEAL — FINDINGS OF FACT — COURT RULES.

The Court of Appeals will not set aside a trial court's findings of fact unless they are clearly erroneous (GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 76.

Application of "clearly erroneous" test by Rule 52(a) of Federal Rules of Civil Procedure to trial court's findings of fact based on documentary evidence. 11 ALR Fed 212.

[2] 21 Am Jur 2d, Criminal Law § 581.

2. CRIMINAL LAW — SENTENCING — DUE PROCESS.

> Due process of law requires that a criminal defendant be resentenced where his sentence is based on inaccurate information placed before the sentencing court.

> Due process of law requires that a criminal defendant be resentenced where his sentence is based on inaccurate information placed before the sentencing court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

## AFTER REMAND

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

PER CURIAM. The history of this case is documented in this Court's original opinion in this matter, *People v Hale,* 99 Mich App 177; 297 NW2d 609 (1980). In remanding this case to the lower court, we directed the trial judge to hold an evidentiary hearing relative to defendant's claim that he was induced to plead guilty on the basis of a police representation that, if defendant cooperated, he would receive a sentence of no greater than two years. The trial judge made the following findings:

> *"The Court:* Well, gentlemen, I'm going to give you a Decision now and carry out the duties given me by the Court of Appeals remand.
>
> "First: I would like to observe that the defendant's claim is not that he is innocent. He has surely admitted his guilt. I say this for only one reason, and that is to

make it clear that this case does not fall within the holdings of [the] Appellate Court involving cases in which a defendant seeks to set aside a guilty plea on the ground that he is not guilty.

"Second: I am satisfied from the proofs that no member of the Detroit Police Department, including Sergeant Bullach, ever gave the Defendant any promise or assurance that the Defendant would not get more than two years or any other named sentence. I find from the evidence that no promise of leniency was made to the Defendant by any law enforcement officer as an inducement for a guilty plea. There is disputed testimony in this regard. I find that the testimony of Sergeant Bullach is more credible than the testimony of the Defendant and his girlfriend Jannie Hall.

"Third: However, it appears from the evidence that the Defendant's cooperation with the Detroit Police Department was never made known by The People to this Court. Indeed the Assistant Prosecutor Wouczyna disputed the defendant's claim that he had cooperated with the Detroit Police Department. The letter that was sent by the prosecutor *ex parte* to the Court did not state that the Defendant had cooperated. Now this *ex parte* letter recommended a very severe sentence. And incidently, the Court made known to defense counsel the *ex parte* letter and presented this letter to defense counsel at the first convenient opportunity after the Court had seen the letter.

"The Probation Report contains no mention of the Defendant's cooperation with law enforcement authorities. The officer-in-charge of the case assured the Defendant that he would make known the Defendant's cooperation if asked. In fairness The People should have made known the Defendant's cooperation to the Court prior to sentencing.

"This Court respectively suggests to the Court of Appeals that the Court of Appeals remand the case to this Court for resentencing. This Court has not thought through what effect the Defendant's cooperation will have on any new sentence that might be imposed. Further, this suggestion to the Court of Appeals should not be taken as representation by this Court that if the

case is returned to this Court for sentence the court will impose a less severe sentence.

"Gentlemen, you have the Decision.

"Any questions?

"(Whereupon there were no questions presented.)"

We will not overturn the trial court's findings unless they are clearly erroneous. *People v Belanger,* 73 Mich App 438; 252 NW2d 472 (1977), GCR 1963, 517.1. Under *Belanger* and GCR 517.1, we conclude that the trial court's findings were not clearly erroneous and, therefore, decline to disturb them. It follows that the denial of defendant's motion to withdraw his guilty plea was a proper exercise of the lower court's discretion.

However, our further review of the record in this case convinces us that the trial court was also correct in its observation that defendant's cooperation with the police was not made known to the court at the time defendant was originally sentenced. Similarly, we agree with the court below that defendant's sentence should be vacated and this cause remanded to the trial court for resentencing as a matter of due process of law. *People v Lauzon,* 84 Mich 201, 208-209; 269 NW2d 524 (1978).

Accordingly, defendant's plea-based conviction is affirmed, but the sentence imposed thereon is vacated, and the cause is remanded to the trial court for resentencing. We do not retain jurisdiction.