CORRIGAN, J.
(concurring). I concur in the majority’s result, but would decide this case on different grounds. I would hold that defendant is entitled to resentencing because the Court of Appeals vacated for legal insufficiency his felonious assault convictions, which were used as a factor ip calculating his sentence. I do not believe that MCL 769.34(10) governs defendant’s entitlement to relief in this case when his request for resentencing is based on the Court of Appeals’ ruling, rather than any error in scoring the sentencing guidelines or inaccurate information relied on by the circuit court in determining his sentence.
MCL 769.34(10) provides:
If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate *803 information relied upon in determining the defendant’s sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed iia the court of appeals.
As the majority properly notes, the circuit court in this case assessed 20 points under prior record variable 7 (PRV 7)[1] for the two felonious assault convictions that the Court of Appeals later vacated.[2] The resulting minimum sentence range under the sentencing guidelines was 108 to 270 months. Noting specifically that it was imposing a sentence at the lower end of the guidelines range, the circuit court sentenced defendant to a prison term of 108 to 240 months for the armed robbery conviction. Without the two subsequently vacated felonious assault convictions, PRV 7 would have been scored at zero points, rather than 20 points. Defendant also challenged the scoring of offense variable (OV) 1 (aggravated use of a weapon)[3] and OV 2 (lethal potential of the weapon possessed or used)[4] in the Court of Appeals. The Court of Appeals held that OV 1 should have been scored at 5 points instead of 15 points and that OV 2 should have been scored at zero points instead of 5 points.[5] These corrections result in a corrected guidelines range of 51 to 127 months when *804 adjusted for defendant’s third-offense habitual offender enhancement.[6] Defendant’s minimum sentence of 108 months is within the corrected guidelines range of 51 to 127 months.
The majority concludes that MCL 769.34(10), as interpreted in People v Francisco, 474 Mich 82; 711 NW2d 44 (2006),[7] requires a remand for resentencing because defendant’s sentence “is now based on inaccurate information.”
While I agree that defendant is entitled to resentencing, I respectfully disagree with the majority that MCL 769.34(10) governs under the circumstances of this appeal. Because defendant’s minimum sentence of 108 months is within the corrected guidelines range of 51 to 127 months, MCL 769.34(10), if applied here, would dictate that the Court of Appeals “shall affirm” defendant’s sentence and “shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant’s sentence.” For purposes of this appeal, there is no claim of an “error in scoring the sentencing guidelines.”[8] Thus, the relevant inquiry under MCL *805 769.34(10) is whether the circuit court “relied upon” “inaccurate information ... in determining the defendant’s sentence.”
When interpreting statutes, “our primary task ... is to discern and give effect to the intent of the Legislature.” Sun Valley Foods Co v Ward, 460 Mich 230, 236; 596 NW2d 119 (1999). In interpreting a statute, “we consider both the plain meaning of the critical word or phrase as well as ‘its placement and purpose in the statutory scheme.’ ” Id. at 237, quoting Bailey v United States, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995). “As far as possible, effect should be given to every phrase, clause, and word in the statute.” Sun Valley, 460 Mich at 237. “The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended.” Id.
I disagree with the majority’s interpretation of “inaccurate information relied upon in determining the defendant’s sentence” as encompassing the circumstances of this case. In my view, a plain reading of this language suggests that it refers to factual information,[9] and this is consistent with our past understanding of the term.[10] When the circuit court determined defen *806 dant’s sentence, the relevant information — the fact of defendant’s two felonious assault convictions — was accurate. The information concerning the two convictions is a different question than the legal validity of those convictions. Because there was no inaccuracy in the information the circuit court relied on in determining defendant’s sentence, MCL 769.34(10) applied here dictated that that the Court of Appeals “shall affirm” defendant’s sentence and “shall not remand for resentencing.”
I would hold, however, that MCL 769.34(10) does not apply here, where defendant seeks resentencing on the basis of the constitutional error in the felonious assault convictions used as a factor in his sentencing.[11] The placement of MCL 769.34(10) in the statutory scheme suggests that it addresses specific types of nonconstitutional sentencing errors, not a constitutional error in an underlying conviction. The provisions of MCL 769.34 address the application of the sentencing guidelines, when a court may depart from the appropriate sentencing guidelines range, when intermediate sanctions are *807 to be imposed, and the like. Reading in context, I see no indication that the Legislature intended MCL 769.34(10) to preclude resentencing when a court has vacated for insufficiency of evidence convictions used as a factor in sentencing. I would hold that defendant is entitled to resentencing on the basis of the reversal of his felonious assault convictions and that MCL 769.34(10) does not apply. See People v Conley, 270 Mich App 301; 715 NW2d 377 (2006).[12]
For these reasons, I concur in the result reached by the majority but would hold that defendant is entitled to a remand for resentencing because convictions used as a factor in his sentencing were later vacated for insufficiency of evidence. I respectfully disagree with *808 the majority because I do not believe that MCL 769.34(10) governs defendant’s entitlement to resentencing. It is the Court of Appeals’ subsequent determination that there was insufficient evidence to support defendant’s felonious assault convictions,[13] rather than any error in scoring the guidelines or inaccurate information relied on by the trial court, that entitles defendant to resentencing.
YOUNG, J., concurred with CORRIGAN, J.
DAVIS, J.,
did not participate in the decision of this case in order to avoid unnecessary delay to the parties in a case considered by the Court before he assumed office by following the practice of previous justices in transition and participating only in those cases for which his vote would be result-determinative. His non-participation in this decision does not affect his eligibility to participate in deciding a motion for rehearing.

 MCL 777.57(l)(a) provides that 20 points should be assessed if “[t]he offender has 2 or more subsequent or concurrent convietions[.]”

 The prosecution did not appeal the Court of Appeals’ decision to vacate the two felonious assault convictions.

 MCL 777.31(1).

 MCL 777.32(1).

 The prosecution did not appeal the Court of Appeals’ decision concerning OV 1 and OV 2, nor did defendant address it in this Court.

 The Court of Appeals incorrectly stated that the corrected guidelines range is 51 to 127V2 months.

 The majority in Francisco concluded that the defendant was entitled to resentencing under MCL 769.34(10) because although the defendant’s minimum sentence was within the appropriate guidelines sentencing range, a scoring error altered the appropriate guidelines range and the defendant had preserved the issue at sentencing.
Francisco involved a claim of error in scoring the defendant’s guidelines sentencing range, a sentencing challenge that clearly falls under MCL 769.34(10). For the reasons explained in this opinion, I would hold that MCL 769.34(10) does not apply here, where the Court of Appeals has vacated convictions used as a factor in defendant’s sentencing. Accordingly, I do not believe that Francisco governs this case.

 As noted, the scoring of OV 1 and OV 2 was at issue in the Court of Appeals but has not been raised here.

 Random, House Webster’s College Dictionary (2005) defines “information,” in relevant part, as follows: “1. knowledge communicated or received concerning a particular fact or circumstance. 2. knowledge gained through study, communication, research, etc.; data. 3. the act or fact of informing.” “Inaccurate” is defined as “not accurate; incorrect, or untrue.” Id.

 See People v Miles, 454 Mich 90, 96-97; 559 NW2d 299 (1997):
A line of Michigan cases hold that sentences based on inaccurate information are invalid. People v Lauzon, 84 Mich App 201; 269 NW2d 524 (1978) (the trial court erred when it sentenced the defendant under the mistaken belief that he had committed a burglary while out on bond); People v Corlin, 95 Mich App 740; 291 *806 NW2d 188 (1980) (the presentence report erroneously stated that the defendant had pleaded guilty of possession, which carried a maximum penalty of two years, rather than delivery, which carried a maximum penalty of seven years); People v Hale (After Remand), 106 Mich App 306; 308 NW2d 174 (1981) (error was found because the defendant’s cooperation with the police was not made known to the court at the time of sentencing); People v Hildabridle, 45 Mich App 93; 206 NW2d 216 (1973) (it was error for the court to sentence the defendant on the basis of inaccurate information regarding the value of the stolen property).

 “[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Legal insufficiency is a failure by the prosecution to prove each element of the charged crime beyond a reasonable doubt. See also People v Johnson, 460 Mich 720, 722; 597 NW2d 73 (1999) (“ ‘The sufficient evidence requirement is a part of every criminal defendant’s due process rights.’ ”) (citation omitted).

 In Conley, the circuit court improperly considered the defendant’s refusal to admit his guilt when imposing the defendant’s sentence. The Court of Appeals observed that
[r]ead literally in isolation, [MCL 769.34(10)] might seem to preclude this Court from granting relief on the basis of the trial court’s error in considering Conley’s refusal to admit guilt because it is undisputed that Conley was sentenced within the sentencing guidelines range and this error does not involve the scoring of the guidelines or the consideration of inaccurate information.
But the erroneous consideration of Conley’s refusal to admit guilt was a constitutional error because it violated his constitutional right against self-incrimination. It is axiomatic that a statutory provision, such as MCL 769.34(10), cannot authorize action in violation of the federal or state constitutions. Accordingly, we conclude that MCL 769.34(10) cannot constitutionally be applied to preclude relief for sentencing errors of constitutional magnitude. We do not hold MCL 769.34(10) to he unconstitutional. Rather, we construe MCL 769.34(10) as simply being inapplicable to claims of constitutional error. [Conley, 270 Mich App at 316.]
See also United States v Tucker, 404 US 443, 447-449; 92 S Ct 589; 30 L Ed 2d 592 (1972) (holding that when the sentencing court specifically considered convictions later deemed unconstitutional under Gideon v Wainwright, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 [1963], in imposing the defendant’s sentence, remand for resentencing was necessary in order to prevent “[e]rosion of the Gideon principle”).

 As the prosecution never filed an appeal, the propriety of the Court of Appeals’ ruling regarding the vacation of defendant’s felonious assault convictions is not before the Court.