PEOPLE v SANDERS

Docket No. 55391. Submitted December 7, 1981, at Detroit.—Decided
January 20, 1982. Leave to appeal denied, 413 Mich —.

Donald Sanders was convicted, on his pleas of guilty, of posses-
sion of heroin and possession of a firearm during the commis-
sion of the felony in Detroit Recorder's Court, Samuel C.
Gardner, J. At the time of his sentencing the defendant moved
to withdraw his pleas. The court denied the motion and sen-
tenced the defendant. The defendant appeals. *Held:*

The defendant's claim of innocence is not obviously frivolous
even though more specificity on the part of defense counsel in
presenting that claim would have been desirable. The assertion
of innocence as presented was specific enough for the court,
treating the request with great liberality, to grant the motion.

Reversed.

CYNAR, J., dissented. He believes that the trial court's denial
of the motion to withdraw the plea was within the court's
discretion. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — WITHDRAWAL OF PLEAS.

There is no right to withdraw a guilty plea once it is accepted;
however, requests by a defendant to withdraw a plea when
offered prior to sentencing are to be treated with great liberal-
ity by the trial judges.

2. CRIMINAL LAW — WITHDRAWAL OF PLEAS.

A request by a defendant to withdraw a guilty plea should be
granted where a defense of innocence is asserted at the time of
the request to withdraw the plea, the request is not obviously
frivolous and it is made before commencement of trial and
before sentencing.

DISSENT BY CYNAR, J.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law §§ 501, 502, 510.

3. Criminal Law — Withdrawal of Pleas.

> A defendant may withdraw a guilty plea as a matter of right prior to the court's acceptance of the plea; after the plea has been accepted, withdrawal becomes a matter addressed to the sound discretion of the court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Elliot D. Margolis,* for defendant on appeal.

Before: D. C. Riley, P.J., and R. M. Maher and Cynar, JJ.

Per Curiam. Defendant pled guilty to possession of heroin, MCL 333.7403; MSA 14.15(7403), and possession of a firearm during the commission of that felony, MCL 750.227b; MSA 28.424(2). In accordance with the plea and sentence bargain, defendant was sentenced to the mandatory two years on the felony-firearm count and from one to four years on the possession of heroin count, and the sentence on the possession of heroin count was suspended. At the time of sentencing, defendant wished to withdraw his pleas. The trial court denied the motion to withdraw the pleas and sentenced defendant according to the bargain.

The defendant appeals claiming that denial of the motion to withdraw the pleas was error. There is no right to withdraw a guilty plea once it is accepted. *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979). However, such requests to withdraw a plea, when offered prior to sentencing, are to be treated with great liberality. *People v Hale,* 99 Mich App 177; 297 NW2d 609 (1980). In *People*

*v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960), the Supreme Court stated:

"Where, as here, a defense of innocence is asserted at the time of a request to withdraw the plea, and the request is not obviously frivolous and is made before commencement of trial and before sentence, the plea should be granted."

The defendant in this case asserted his innocence and claimed he had a meritorious defense.

The critical issue herein is whether the request was obviously frivolous. To make this determination, we focus on the defendant's "meritorious defense". At the sentencing, defense counsel argued that he had two witnesses available who would testify that defendant did not possess a firearm at the time of his arrest. Therefore, he argued defendant could not be guilty of felony-firearm. Defense counsel stated that he was ready for trial at any time. The trial court, in passing on the motion, stated, "the grounds for the motion to withdraw, not having been more specific in the grounds, specific grounds outside of indicating that the defendant is not guilty, has a meritorious defense, is not sufficient for the Court to make a determination that the defendant should be granted a new trial". The prosecutor and defense counsel, prior to the court's proclamation, had properly stated the law in this area.

We conclude that the defendant's claim of innocence is not obviously frivolous even though more specificity on the part of defense counsel in presenting that claim was desirable. Defendants must be aware that once they have voluntarily pleaded to the possession of a firearm in the commission or attempt to commit a felony, a bald assertion of innocence seems obviously frivolous. The assertion

in this case was specific enough so that a trial court treating the request with great liberality should have granted the motion.

Reversed to allow defendant an opportunity to withdraw his plea.

CYNAR, J. *(dissenting).* I respectfully dissent in this matter. The denial of the motion to withdraw the plea was well within the discretion of the trial court and not contrary to *People v Lewandowski,* 394 Mich 529; 232 NW2d 173 (1975). All that can be said here is that the defendant wanted to withdraw his guilty plea, without more.

Prior to taking the plea, the trial court had the defendant sworn. As part of the plea-taking procedure, the defendant stated he was in possession of a .38-special firearm at his side.

The motion to withdraw the plea and attached affidavit of defendant states no specifics, but merely concludes the defendant believes he has a valid and meritorious defense to the gun charge.

The motion to withdraw the plea was heard on the day set for sentence. Defense counsel argues that the defendant would sign an affidavit indicating that he believes that, based on the motion and the contents of the motion, he has a meritorious defense.

All that is said is that the defendant wants to withdraw his plea of guilty. I would affirm.