PEOPLE v CAMARGO

Docket No. 96338. Submitted April 9, 1987, at Detroit. Decided May 28, 1987.

Juan Camargo pled guilty in the Newaygo Circuit Court to first-degree criminal sexual conduct. The trial court, Terrence R. Thomas, J., sentenced defendant to from five to twenty-five years imprisonment, as recommended by the prosecutor. Defendant appealed alleging that the trial court erred in denying defendant's motion to withdraw his guilty plea prior to sentencing.

The Court of Appeals *held:*

Defendant's motion to withdraw his plea prior to sentencing, in which he asserted a claim of innocence, was not obviously frivolous. The trial court abused its discretion in denying defendant's motion to withdraw his plea.

Reversed and remanded.

1. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

There is no right to withdraw a guilty plea once it is accepted.

2. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

A motion to withdraw a guilty plea should be granted where the request is made before sentencing, where a defense of innocence is asserted, and where the request is not obviously frivolous; any doubts concerning substantiation of the reasons for withdrawal are to be resolved in the defendant's favor; the

REFERENCES

Am Jur 2d, Criminal Law §§ 500 *et seq.*

Comment Note.—Right to withdraw guilty plea in state criminal proceedings where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

Power or duty of state court, which has accepted guilty plea, to set aside plea on its own initiative prior to sentencing or entry of judgment. 31 ALR4th 504.

Sufficiency of court's statement, before accepting plea of guilty, as to waiver of right to jury trial being a consequence of such plea. 23 ALR4th 251.

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

trial court's well-founded belief in the defendant's guilt should not impede the defendant's right to a jury trial.

3. CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

A defendant's request to withdraw his plea of guilty prior to sentencing may be determined to be frivolous where the circumstances indicate that the defendant's true motive in making the motion is merely a concern regarding the sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Anthony A. Monton,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *Rolf E. Berg*), for defendant on appeal.

Before: DANHOF, C.J., and GRIBBS and K. JANSEN,* JJ.

PER CURIAM. Defendant appeals as of right from the trial court's refusal to permit defendant to withdraw his guilty plea. On July 14, 1986, defendant was sentenced to a prison term of five to twenty-five years.

Defendant was originally charged with first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and an habitual offender supplementation. On June 23, 1986, defendant appeared before the trial judge and agreed to plead guilty to first-degree criminal sexual conduct in exchange for the prosecutor's agreeing to recommend a five to twenty-five year sentence, dismiss the supplemental information, and acquiesce in defendant's plans to get married before he was sent to prison.

When defendant was providing the factual basis for his guilty plea at this hearing, the prosecutor, without objection by defense counsel, orally amended the information to provide that defen-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

dant violated MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), by engaging in sexual penetration with a child under thirteen years of age. Defendant again pled guilty and admitted vaginal sexual penetration of the five- or six-year-old daughter of a friend. The trial judge accepted defendant's plea.

On July 9, 1986, five days before the day scheduled for sentencing, defendant filed a motion to withdraw his guilty plea. In his motion, defendant claimed that he was innocent and stated "that he made his plea out of fear and trepidation of the severe results which would ensue if he was wrongfully convicted." At the hearing on defendant's motion, held on July 14, 1986, the day scheduled for sentencing, defendant again asserted his innocence. Defendant's attorney testified that he had told defendant that if he was found guilty in a trial the prosecutor intended to recommend a sentence of thirty to sixty years. At the hearing, the trial judge and the prosecutor affirmed that defendant had reason to fear a far greater sentence if convicted at trial. Defendant testified that he pled guilty because he had been intimidated by the threat of a long sentence if found guilty, stating: "I feel I was scared at the time, and—and I can see now I shouldn't have taken it." When the trial judge stated that defendant had given the factual basis for the plea without hesitation as to what had occurred, defendant replied that he had had to ask his attorney what to say. Defendant further stated that he was under the impression that he could withdraw the guilty plea prior to sentencing.

The trial court then denied defendant's motion on the basis that there was no good reason for defendant's withdrawing his plea. The trial court stated that it was satisfied that defendant had clearly and in detail told the court the facts of the

case and that defendant knew exactly what he had done. The trial judge then imposed the plea-based sentence of five to twenty-five years in prison.

As our Court recently explained in *People v Shanes,* 155 Mich App 423, 428; 399 NW2d 73 (1986):

> There is no right to withdraw a guilty plea once it is accepted. *People v Bentley,* 94 Mich App 19; 287 NW2d 355 (1979). However, such a request, when offered prior to sentencing, is to be treated with great liberality, especially if the basis for the request is a claim of innocence. *People v Sanders,* 112 Mich App 585, 586; 316 NW2d 266 [1982], lv den 413 Mich 917 (1982).

When a defense of innocence is asserted and where the request is made before sentencing, a motion to withdraw the plea should be granted unless the request is obviously frivolous. *Sanders, supra,* p 587; *People v Rush,* 104 Mich App 668, 671; 305 NW2d 288 (1981), lv den 411 Mich 985 (1981). Any doubts concerning substantiation of the reasons for withdrawal are to be resolved in the defendant's favor. *Id.; People v Thomas (After Remand),* 83 Mich App 235, 238; 268 NW2d 356 (1978), lv den 407 Mich 868 (1979). A trial judge's well-founded belief in a defendant's guilt should not impede the defendant's right to a jury trial. *Rush, supra; People v Bencheck,* 360 Mich 430, 433; 104 NW2d 191 (1960).

Here, defendant made his motion for withdrawal prior to sentencing and asserted a claim of innocence. The question we must answer is whether defendant's motion was obviously frivolous. We conclude that it was not.

This Court has found requests to withdraw pleas frivolous where the circumstances indicate that the defendant's true motive in making the motion

is merely a concern regarding the sentence. See *People v Paulus,* 121 Mich App 445, 450; 328 NW2d 659 (1982), vacated on other grounds 417 Mich 1100.15 (1983). Defendant's dissatisfaction with the probable sentence, however, is not an issue here. Under the plea agreement, defendant was to receive a sentence of five to twenty-five years and at the time of defendant's motion to withdraw his plea there was no reason to believe that the sentence would be longer if defendant went through with the plea. In fact, that was defendant's ultimate sentence. By seeking to withdraw his plea, defendant understood that he faced the prospect of a much longer sentence if convicted at trial. Thus, defendant's request to withdraw was not motivated by the fear of getting a longer sentence than agreed to under the plea agreement. Cf. *People v McClain,* 402 Mich 824; 260 NW2d 287 (1977), rev'g 81 Mich App 84; 264 NW2d 1 (1977).

In addition, defendant's assertion of innocence was not first asserted in his motion to withdraw his plea. On June 13, 1986, defendant had filed a notice of alibi stating that he was in Detroit, Michigan, on the day of the incident and had five witnesses to substantiate that claim. In fact, defendant presented a witness at the preliminary examination who testified that defendant was with her in Detroit on the day of the incident. Based upon the above, we cannot conclude that defendant's request to withdraw his plea was obviously frivolous.

Given the great liberality that requests to withdraw a plea before sentencing are to receive, the fact that defendant had asserted his innocence and that this claim of innocence had been made prior to his request to withdraw his plea, that there is some support for his claim, that doubts concerning

substantiation are to be resolved in defendant's favor, that the request to withdraw was not based on concerns of the possible sentence, and that the trial court's sole reason for denying defendant's request was its belief that defendant was guilty based on the factual basis defendant gave as required when making a plea, we must find the trial court to have abused its discretion in denying defendant's motion to withdraw his guilty plea. Defendant is entitled to a trial. Therefore, defendant's conviction is reversed and the matter is remanded for proceedings consistent with this opinion.

Reversed and remanded.