PEOPLE v HUNDLEY

Docket No. 108568. Submitted August 3, 1989, at Lansing. Decided August 25, 1989. Leave to appeal applied for.

Joseph Hundley was convicted on his plea of guilty in Bay Circuit Court, Eugene C. Penzien, J., of one count of second-degree criminal sexual conduct and of being an habitual offender, second offense. The plea was entered pursuant to a plea agreement whereby the prosecutor would drop two first-degree criminal sexual conduct charges and would not charge defendant as a third offender. Prior to sentencing defendant secured new counsel and moved to withdraw his guilty plea on the bases that he was not guilty of the offense, that the factual basis for his plea had been prepared by his attorney and was not truthful and that he had been promised probation. The motion was denied and defendant was sentenced. Defendant appealed.

The Court of Appeals *held*:

The trial court did not abuse its discretion in denying the motion to withdraw the plea. Defendant at the plea proceeding expressed no reservations about the plea and indicated that he understood the nature of the plea agreement. The fact that the factual basis given at the plea proceeding corresponded to the factual basis contained in an affidavit prepared by defense counsel prior to the plea proceeding in accordance with a local court practice does not vitiate the validity of the factual basis.

Affirmed.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEA.

A court should be liberal in considering a request to withdraw a guilty plea based upon a claim of innocence; however, a request need not be granted where it is obviously frivolous.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 501, 502.

See the Index to Annotations under Guilty Plea.

*C. Michael Gorte,* for defendant on appeal.

Before: Hood, P. J., and Cavanagh and J. W. Fitzgerald,* JJ.

Per Curiam. In this appeal as of right defendant challenges the trial court's denial of his motion to. withdraw his guilty plea. We affirm.

Defendant originally entered a plea of guilty to one count of criminal sexual conduct, second degree, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and to being an habitual offender, second offense, MCL 769.10; MSA 28.1082.

Complainant was a six-year-old girl and the incidents occurred while defendant's girlfriend was babysitting the child. The plea was entered pursuant to a plea agreement whereby, if defendant admitted the validity of all charges against him, the prosecutor would request a nolle prosequi of two counts of csc, first degree, and would agree that defendant would not be proceeded against as a third-felony offender. Defendant was sentenced as a second felony offender to a prison term of from 180 to 270 months.

Following his plea and prior to sentencing, defendant retained new counsel and moved to withdraw his guilty plea on the bases that he was not guilty of the offense charged, that the factual basis he gave at his plea had been prepared by his former counsel and was not truthful, and that he had been advised that he would be placed on probation as part of the plea agreement.

A court should be liberal in considering a request to withdraw a guilty plea based on a claim of innocence. However, the request need not be granted where it is obviously frivolous. *People v*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

*Camargo,* 163 Mich App 581, 584; 415 NW2d 211 (1987).

Defendant expressed no reservations at his plea hearing regarding the nature of his charges. He was informed of the possible maximum prison sentence. He indicated he understood the plea agreement and that no other promises had been made. In denying defendant's motion to withdraw his plea, the court—based on its evaluation of defendant and the record—found that defendant had the ability to understand the proceedings, that he understood what he was doing when the plea was entered, and that, until the motion, defendant had consistently admitted to his improper activities.

Three days before the plea hearing defendant signed a statement setting forth his understanding of the plea agreement and a factual basis for the plea. The statement is apparently encouraged by the local court to be sure that everyone understands the nature of the plea prior to the hearing. Defendant's statement at the plea hearing corresponds to the factual basis in the written statement. That counsel assisted in drafting the statement is not a basis for withdrawing the plea.

On the record before us, we cannot say that the trial court abused its discretion in denying defendant's motion. *People v Zaleski,* 375 Mich 71, 79; 133 NW2d 174 (1975).

Affirmed.