PEOPLE v GOMER

Docket No. 155343. Submitted February 16, 1994, at Grand Rapids.
    Decided June 21, 1994, at 9:20 A.M. Leave to appeal sought.

    Christopher C. Gomer pleaded guilty in the Kent Circuit Court,
        Donald A. Johnston, J., of possession of more than 50 grams
        but less than 225 grams of cocaine, unsuccessfully moved to
        withdraw his plea before sentencing, and was sentenced to ten
        to twenty years of imprisonment. He appealed.

    The Court of Appeals *held:*

    1. The trial court did not err in denying the motion to
    withdraw the guilty plea. Pursuant to MCR 6.310(B), a trial
    court may allow a defendant to withdraw a guilty plea before
    sentencing if the defendant establishes that withdrawal of the
    plea would be in the interest of justice and the prosecutor fails
    to demonstrate that substantial prejudice would result from
    withdrawal. In this case, the defendant failed to establish that
    withdrawal of his plea would be in the interest of justice in the
    absence of an assertion of innocence, a coerced confession, or
    ineffective assistance of counsel as a basis for withdrawal.

    2. The imposition of a sentence that is the same as that
    provided by the statute under which the defendant was con-
    victed is not an indication that the trial court was unaware of
    its sentencing discretion.

    Affirmed.

CRIMINAL LAW — GUILTY PLEAS — WITHDRAWAL OF PLEAS BEFORE
    SENTENCING.

    A trial court may allow a defendant to withdraw a guilty plea
    before sentencing where the defendant establishes that with-
    drawal of the plea would be in the interest of justice and the
    prosecutor fails to demonstrate that substantial prejudice
    would result from withdrawal (MCR 6.310[B]).

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *William A. Forsyth,* Pros-

REFERENCES
Am Jur 2d, Criminal Law §§ 501-505.
See ALR Index under Guilty Plea.

ecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for the defendant on appeal.

Before: TAYLOR, P.J., and MACKENZIE and M. J. MATUZAK,* JJ.

PER CURIAM. Defendant was charged with possession with intent to deliver 50 to 225 grams of cocaine and with possession of 50 to 225 grams of cocaine. Trial began on January 6, 1992, and a jury was selected. On the second day of trial, defendant moved to suppress his confession. The motion was denied. Defendant then pleaded guilty of possession of more than 50 but less than 225 grams of cocaine, MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii). After defendant pleaded guilty but before sentencing, he moved to withdraw his plea. That motion was also denied. Defendant was subsequently sentenced to ten to twenty years' imprisonment. He appeals as of right, contending that the trial court erred in denying his motion to withdraw his plea and that his sentence was excessive. We disagree and affirm.

There is no absolute right to withdraw a guilty plea once it has been accepted. *People v Sanders,* 112 Mich App 585, 586; 316 NW2d 266 (1982). Before October 1, 1989, however, courts applied the "great liberality" standard set forth in *People v Bencheck,* 360 Mich 430; 104 NW2d 191 (1960), to presentencing motions to withdraw guilty pleas. Under this standard, trial courts were obligated to allow the withdrawal of a guilty plea before sentencing unless the reasons for the withdrawal were clearly frivolous or motivated by dissatisfac-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion with a probable sentence. See, e.g., *People v Camargo,* 163 Mich App 581, 584-585; 415 NW2d 211 (1987).

Defendant contends that the "great liberality" standard should have been applied in ruling on his motion to withdraw his plea. The claim is without merit. The Supreme Court in promulgating MCR 6.310(B) of the Rules of Criminal Procedure (effective October 1, 1989), discarded the "great liberality" standard in favor of a more restrictive standard that considers the interests of justice and potential prejudice to the prosecution. *People v Holmes,* 181 Mich App 488, 497; 449 NW2d 917 (1989). MCR 6.310(B) states:

> Withdrawal Before Sentence. On the defendant's motion or with the defendant's consent, the court in the interest of justice may permit an accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by MCR 6.311(B).

In *People v Spencer,* 192 Mich App 146, 151; 480 NW2d 308 (1991), this Court discussed the parameters of MCR 6.310(B) and how it should be applied:

> [I]n order to withdraw a guilty plea before sentencing, the defendant must first establish that withdrawal of the plea is supported by reasons based on the interests of justice. If sufficient reasons are provided, the burden then shifts to the prosecution to demonstrate substantial prejudice. To constitute substantial prejudice, the prosecution must show that its ability to prosecute is somehow hampered by the delay. This would appear to require more than mere inconvenience in

preparing for trial. Ultimately, the trial judge should bear in mind what is in the interests of justice in deciding if a plea may be withdrawn. Accordingly, what constitutes substantial prejudice may vary from case to case.

See also *People v Thew,* 201 Mich App 78; 506 NW2d 547 (1993).

Recently, in *People v Jackson,* 203 Mich App 607, 613; 513 NW2d 206 (1994), this Court provided further guidance regarding the application of the "in the interest of justice" standard of MCR 6.310(B):

> [The trial court] must allow defendant to attempt to show that withdrawal of the plea is in the interest of justice. Defendant can do this, for example, by showing that " 'the plea was the product of fraud, duress, or coercion.' " [*People v Sledge (On Rehearing)*, 200 Mich App 326, 329; 503 NW2d 672 (1993)] (quoting *People v Taylor,* 383 Mich 338, 361; 175 NW2d 715 [1970]). We stress that "bad advice of defense counsel alone generally is not enough to warrant the withdrawal of a plea." *Sledge, supra* at 329; also *People v Mayes (After Remand),* 202 Mich App 181, 192; 508 NW2d 161 (1993). On the other hand, it is incumbent upon the trial court to allow the defendant to withdraw his plea where the plea may have been induced by inaccurate legal advice and the defendant refuses or is unable to personally recount a sufficient basis to substantiate the charge. *Spencer, supra* at 151-152. The same is true where the defendant can show ineffective assistance of counsel combined with the existence of a meritorious defense. See *Thew, supra* at 95-97. We note that the issue is not whether the trial court believes the defendant's asserted defense, but rather, "whether the defendant has a valid defense to the charge . . . even if he might be guilty of other offenses." *Id.* at 96.

In this case, defendant pleaded guilty on the second day of trial, after the jury had been selected. A motion to suppress his confession had already been heard and denied. Defendant did not assert innocence as a basis to withdraw the plea, and the defense he asserted—that his confession to the police was coerced—had been rejected. He did not allege ineffective assistance of counsel or that he had received inaccurate legal advice; he stated only that his attorney had "convinced" him to plea. The trial court followed the proper steps for taking the plea and we find nothing in the record to convince us that defendant's plea was involuntary. Because defendant failed to demonstrate that the interest of justice would be served by allowing him to withdraw his guilty plea, the trial court properly denied the motion.

We also reject defendant's argument that the sentencing judge must have not realized his discretion in sentencing. Just because defendant's sentence is the same as the statute provides—imprisonment for not less than ten nor more than twenty years—is not an indication that the judge was unaware of his discretion in sentencing. We find no error.

Affirmed.