# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID LARONE WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2017

No. 330849
St. Clair Circuit Court
LC No. 15-000694-FH

Before: RIORDAN, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant pleaded guilty to possession with intent to deliver a schedule 4 controlled substance (Alprazolam, commonly known as Xanax), MCL 333.7401(2)(c). The trial court sentenced him to 14 to 48 months in prison. Defendant appeals by delayed leave granted.[1] We affirm.

## I. FACTUAL BACKGROUND

Defendant was originally charged with possession with intent to deliver Alprazolam, a schedule 4 controlled substance, MCL 333.7401(2)(c), possession of marijuana, MCL 333.7403(2)(d), and operating a vehicle with a suspended license, second offense, MCL 257.904(3)(b). He also was charged with being a second or subsequent controlled substance offender, MCL 333.7413, which exposed him to twice the authorized punishment for drug offense convictions, and with being a fourth habitual offender, MCL 769.12.

Pursuant to a plea agreement, defendant pleaded guilty to the possession with intent to deliver Alprazolam charge in exchange for the dismissal of the remaining charges and the dismissal of the habitual offender and repeat drug offender notices. During the plea hearing, the prosecutor and defense counsel both stated that they had scored the sentencing guidelines for the proposed conviction under the plea agreement and agreed that the minimum sentencing

---

[1] *People v Williams*, unpublished order of the Court of Appeals, entered February 3, 2016 (Docket No. 330849).

-1-

guidelines range was 5 to 23 months. After questioning defendant on the record, the trial court accepted the plea.

At sentencing, the parties informed the trial court that defendant had a more substantial criminal record than the parties had realized at the plea hearing, resulting in an increased score for defendant's prior record variables ("PRVs") and a corrected minimum guidelines range of 10 to 23 months. Before the trial court imposed defendant's sentence, defendant requested to withdraw his plea so that he could "figure this out," meaning figure out for himself which offenses were considered in the scoring of the PRVs. The trial court denied defendant's request and sentenced him to 14 to 48 months' imprisonment.

## II. MOTION TO WITHDRAW PLEA

Defendant first argues that the trial court erred in denying his motion to withdraw his guilty plea. We disagree.

## A. STANDARD OF REVIEW

"We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion." *People v Billings*, 283 Mich App 538, 549; 770 NW2d 893 (2009). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016) (quotation marks and citation omitted). Issues concerning the interpretation and application of the court rules are reviewed de novo. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

## B. ANALYSIS

"There is no absolute right to withdraw a guilty plea once it has been accepted." *People v Gomer*, 206 Mich App 55, 56; 520 NW2d 360 (1994). MCR 6.310(B) governs the withdrawal of a guilty plea after acceptance but before sentencing. The rule provides, in pertinent part:

> (1) a plea may be withdrawn on the defendant's motion or with the defendant's consent only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by subrule (C).

> (2) the defendant is entitled to withdraw the plea if

> (a) the plea involves an agreement for a sentence for a specified term or within a specified range, and the court states that it is unable to follow the agreement; the trial court shall then state the sentence it intends to impose, and provide the defendant the opportunity to affirm or withdraw the plea; or

> (b) the plea involves a statement by the court that it will sentence to a specified term or within a specified range, and the court states that it is unable to

sentence as stated; the trial court shall provide the defendant the opportunity to affirm or withdraw the plea, but shall not state the sentence it intends to impose.

MCR 6.310(B)(1) states that "a plea *may* be withdrawn on the defendant's motion or with the defendant's consent" where withdrawal is in the interest of justice and withdrawal would not substantially prejudice the prosecution. (Emphasis added.) "The use of the term 'may' indicates discretionary, rather than mandatory, action." *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 567 n 73; 886 NW2d 113 (2016); see also *People v Bell*, 276 Mich App 342, 347; 741 NW2d 57 (2007) ("The use of the term 'shall' rather than 'may' indicates mandatory rather than discretionary action.") (quotation marks and citation omitted). In contrast, MCR 6.310(B)(2) provides that the defendant "*is entitled* to withdraw the plea" under the stated circumstances. (Emphasis added.) Thus, where the stated circumstances exist, the defendant has a legal right to withdraw the plea. Cf. *In re Jajuga Estate*, 312 Mich App 706, 718; 881 NW2d 487 (2015) (finding that the use of "entitled" in the statute applicable to that case denoted a party's legal right to something).[2]

First, defendant was not entitled to withdraw his guilty plea under MCR 6.310(B)(2)(a) or (b). Based on the parties' description of the plea at the hearing, it is apparent that the plea was not expressly tied to a specified sentencing term or range.[3] At the plea hearing, the parties announced, before defendant entered the plea, that they were in agreement that the minimum range calculated under the sentencing guidelines for the conviction was 5 to 23 months. Later, at the sentencing hearing, the prosecutor, defense counsel, and the trial court agreed, based on clarification of defendant's prior criminal record, that the correct minimum range under the guidelines was 10 to 23 months, which is a subset of the originally stated range. The trial court never expressed an intent to sentence defendant within the lesser 5- to 10-month portion of the original range, and the sentence that it imposed was within the original range that was discussed at the plea hearing. Accordingly, even if we assume, arguendo, that the attorneys' statements on the record indicated that the plea was based on a specified sentence term or range, defendant did not have a legal right to withdraw his plea under MCR 6.310(B)(2)(a) or (b) because the trial court did, in fact, sentence defendant within the range discussed at the plea hearing.

Furthermore, the trial court did not abuse its discretion by refusing to allow defendant to withdraw his guilty plea under MCR 6.310(B)(1). Defendant argues that the trial court should have allowed him to withdraw his plea because his request "was not frivolously based on a concern for sentencing," but, instead, was based on his "substantial concerns regarding the scoring of his prior record variables . . . ." In support of his position, defendant relies on cases decided under the former court rule, MCR 6.101(F)(6)(b), and the "great liberality" standard set forth in *People v Bencheck*, 360 Mich 430; 104 NW2d 191 (1960), and its progeny. See *People*

---

[2] Use of the word "shall" in MCR 6.310(B)(2)(a) and (b) with regard to the actions that a trial court must take, which include providing the defendant an opportunity to affirm or withdraw the plea, further demonstrates that a defendant has a legal right to withdraw his plea if any of the circumstances listed in MCR 6.310(B)(2) are present. See *Bell*, 276 Mich App at 347.

[3] A written plea agreement is not in the lower court record received on appeal.

*v Lewis*, 176 Mich App 690; 440 NW2d 12 (1989); *People v Camargo*, 163 Mich App 581; 415 NW2d 211 (1987). This standard is no longer followed after the Michigan Supreme Court's promulgation of MCR 6.310(B),[4] *Gomer*, 206 Mich App at 56-57, and defendant has not demonstrated that the trial court abused its discretion under the standard set forth in the current rule. The corrected guidelines range used at sentencing did not expose defendant to greater peril. Defendant agreed to plead guilty knowing that the guidelines range discussed at the plea hearing permitted the court to impose a minimum sentence as high as 23 months, which was also the upper limit of the modified guidelines range used at sentencing. Moreover, given defendant's lengthy criminal record, it would have been unreasonable for defendant to expect a sentence at the low end of the initial 5-to-23-months range.

Defendant argues that his concern about the PRV scoring was a legitimate reason to withdraw his guilty plea, but he does not identify on appeal any errors in the scoring of the PRVs. In addition, despite the fact that defendant had a more serious criminal record than the parties had realized at the plea hearing, the trial court never expressed an intention to deviate from the original guidelines range discussed at the plea hearing. Again, the adjusted guidelines range used at sentencing was fully within the original range calculated by the parties, with regard to which defendant agreed to plead guilty. Under these circumstances, the court was not compelled to permit defendant to withdraw his guilty plea in the interest of justice. See MCR 6.310(B)(1). Therefore, because the trial court's denial of defendant's motion to withdraw his plea was within the range of principled outcomes, its decision did not constitute an abuse of discretion. See *March*, 499 Mich at 397; *Billings*, 283 Mich App at 549.

Defendant also contends that he is entitled to "specific performance" of the plea agreement. He correctly observes that "once a trial court accepts a plea which was induced by [a plea] agreement [between the defendant and the prosecution], the terms of that agreement must be fulfilled." *People v Nixten*, 183 Mich App 95, 97; 454 NW2d 160 (1990), citing *Santobello v New York*, 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971); see also *People v Arriaga*, 199 Mich App 166, 168; 501 NW2d 200 (1993) (stating same). Accordingly, "[w]here [a plea] agreement is subsequently breached, a reviewing court has discretion to choose between vacating the plea or ordering specific performance, with defendant's choice of remedy accorded considerable weight." *Nixten*, 183 Mich App at 97.[5]

---

[4] Further, even if the "great liberality" standard were still in effect, *Lewis* and *Camargo* both considered cases where a defendant asserted his innocence as a basis for withdrawing his guilty plea. *Lewis*, 176 Mich App at 693-694; *Camargo*, 163 Mich App at 584-585. Defendant makes no such claim in this case.

[5] In the interest of completeness, it is important to note the following:

> *Santobello* does not propose specific performance by a trial court or by any actor not making the promise at issue. Under Michigan law, the trial judge is not required to enforce a sentence agreement reached by the parties with which the judge does not agree. Thus, the judge may reject the agreement, i.e., allow the parties to withdraw. In a system increasingly driven by the exigencies of plea

The sentence imposed by the trial court did not violate the plea agreement in this case. It imposed a minimum sentence of 14 months, which is squarely within the range of 5 to 23 months discussed at the plea hearing. The plea agreement did not promise a sentence within the lower portion of the 5-to-23-month range. Thus, there was no breach of the plea agreement for which the remedy of specific performance may be applied.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel provided ineffective assistance when she failed to obtain accurate information about his prior criminal record before advising him on the sentencing guidelines range at the plea hearing. We disagree.

### A.  STANDARD OF REVIEW AND APPLICABLE LAW

Defendant did not raise a claim of ineffective assistance of counsel or request a *Ginther*[6] hearing in the trial court. Accordingly, review of this issue is limited to mistakes apparent from the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

### B.  ANALYSIS

The record does not disclose the extent to which defense counsel investigated defendant's criminal record before the plea hearing. It is possible that counsel failed to adequately investigate defendant's criminal record, but she also may have conducted a reasonable investigation and unknowingly received inaccurate or incomplete information from another source, or from defendant. The fact that the prosecutor also was unaware of the full extent of defendant's criminal record at the time of the plea hearing tends to negate any suggestion that defense counsel's investigation was deficient. In short, it is not apparent from the available record that defense counsel's investigation of defendant's criminal record fell below an objective standard of reasonableness. See *Nix*, 301 Mich App at 207; *Sabin*, 242 Mich App at 659.

Further, defendant is unable to establish the requisite prejudice to prevail on this ineffective assistance of counsel claim. See *Nix*, 301 Mich App at 207. As previously discussed, the updated information presented at sentencing did not increase the upper end of the guidelines range that was discussed at the plea hearing, and the corrected guidelines range was completely subsumed within the original range. In addition, the trial court's decision to sentence defendant to a minimum term of 14 months, in excess of the low end of the corrected sentencing range,

---

bargaining, it is imperative that the trial judge retain this historic discretion. [*People v Siebert*, 450 Mich 500, 518; 537 NW2d 891 (1995).]

[6] *People v Ginther*, 390 Mich 436; 212 NW 2d 922 (1973).

indicates that the court was not disposed to sentence defendant to fewer than 10 months even if the minimum range had remained at 5 to 23 months. Moreover, defendant does not assert that he would have rejected the plea offer if he had known that the correct guidelines range would be 10 to 23 months instead of 5 to 23 months. Therefore, defendant has not established a reasonable probability that the outcome would have been different if defense counsel and defendant had been aware at the plea hearing that defendant's criminal record would result in a minimum guidelines range of 10 to 23 months instead of 5 to 23 months. See *id*.

## IV. CONCLUSION

Defendant has failed to establish that his claims warrant relief.

Affirmed.

/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood