# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 22, 2018

Plaintiff-Appellee,

v

No. 337424
Kent Circuit Court

MARK-ANTHONY DUANE ASHLEY,

LC No. 16-003636-FC

Defendant-Appellant.

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his convictions for armed robbery, MCL 750.529; and first-degree home invasion, MCL 750.110a(2). Defendant entered into a plea agreement and pleaded guilty to one count of armed robbery and one count of first-degree home invasion. The trial court sentenced defendant to 10 to 50 years of imprisonment for the armed-robbery conviction and 5 to 20 years of imprisonment for the first-degree home-invasion conviction. We vacate the trial court's denial of defendant's motion to withdraw his guilty plea and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case results from an armed robbery that took place on April 11, 2016, in Grand Rapids, Michigan. Defendant entered into a dwelling after asking the female tenant if he could use the bathroom. He then produced a gun and robbed the tenant of a phone, keys, and money. Subsequently, defendant forced the tenant to go to an ATM and withdraw money.

Defendant pleaded guilty to armed robbery and first-degree home invasion under a single plea agreement. The plea agreement stated that if defendant pleaded guilty to these two offenses, the prosecution would dismiss the additional charges of unlawful imprisonment, MCL 750.349b; and carrying a concealed weapon, MCL 750.227. Additionally, the prosecution agreed that it would not add a charge of using a firearm in the commission of a felony (felony-firearm), MCL 750.227b, and it would recommend concurrent sentences for the two counts of conviction.

---

[1] *People v Ashley*, unpublished order of the Court of Appeals, entered June 6, 2017 (Docket No. 337424).

-1-

Before entering his plea, defendant was placed under oath, indicated that he understood that he would be pleading guilty to armed robbery and first-degree home invasion, and stated that he understood the maximum penalties for each offense. Defendant also acknowledged and signed an advice-of-rights form and testified that he understood that he would be giving up those rights by entering his guilty pleas. The prosecutor placed the plea agreement on the record, and defense counsel agreed that it was accurately stated. Defendant agreed that this was the entire plea as he understood it, that no one promised him anything other than what was placed on the record, that no one threatened him in any way, and that it was his own choice to enter these pleas. Defendant then stated that he was pleading guilty to both counts because he was guilty.

The trial court stated that it was satisfied that a jury could find defendant guilty and accepted defendant's pleas to both counts. At defendant's sentencing hearing, the trial court received testimony that the parties had agreed to a reduced sentencing-guidelines range. The trial court sentenced defendant within that reduced range as stated above.

Thereafter, defendant filed a motion to withdraw his plea for resentencing. Defendant claimed that "his plea [was] coerced and based upon insufficient evidence and that his attorney was ineffective." The prosecution and the trial court agreed with defendant's argument that there was an insufficient factual basis presented at the plea hearing to accept defendant's guilty plea for the home-invasion charge. The trial court stated, "[T]his court feels that the appropriate thing to do would be to withdraw the plea to the home invasion. The prosecutor has said that they will Nolle Pros this case thereby not subjecting the defendant to any further penalties or potentially increased penalties." Therefore, the trial court allowed defendant to withdraw his guilty plea on the first-degree home invasion charge.

The trial court then stated, "I see no reason whatsoever . . . to allow the plea to be withdrawn to the armed robbery. There was a sufficient factual basis. There was a specific plea that was followed. There were Guidelines that were recommended. There was a sentence that was within those." The trial court denied defendant's motion to withdraw his plea and upheld his sentence for the armed-robbery conviction. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred when it only allowed defendant to withdraw his plea to the home-invasion charge when the proper remedy would have been to allow withdrawal of the entire plea. "When a motion to withdraw a guilty plea is made after sentencing, the decision whether to grant it rests within the sound discretion of the trial court. That decision will not be disturbed on appeal unless there is a clear abuse of discretion resulting in a miscarriage of justice." *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011).

A defendant does not have an absolute right to withdraw a plea once it has been accepted. *People v Gomer*, 206 Mich App 55, 56; 520 NW2d 360 (1994). A defendant seeking to withdraw his plea after sentencing must demonstrate that there was defect in the plea-taking process. *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). In the absence of

procedural error in receiving the plea, a defendant must establish a fair and just reason for withdrawal of the plea. *People v Harris*, 224 Mich App 130, 131; 568 NW2d 149 (1997).

Defendant argues that this Court's opinion in *People v Blanton*, 317 Mich App 107; 894 NW2d 613 (2016), entitles him to revoke his multi-count plea in its entirety when any one count of that plea is defective. In *Blanton*, the defendant was offered a plea agreement that would allow him to plead guilty "to charges of armed robbery, assault with intent to do great bodily harm, and felony-firearm, in exchange for the prosecution's" agreement to drop three additional charges as well as a habitual-offender enhancement and to recommend a reduced sentencing-guidelines range. *Id*. at 111. Defendant accepted the agreement and pleaded guilty to each charge; however, the trial court failed to advise defendant of the consecutive sentence attached to the felony-firearm conviction, thereby rendering defendant's plea procedurally defective. *Id*. at 111-112, 114.

Following sentencing, the defendant moved to withdraw his plea in its entirety, i.e., to all charges, because of the trial court's failure to advise defendant of the consecutive sentence attached to the felony-firearm charge. *Id*. at 113. The prosecution agreed that this failure rendered the plea-taking process procedurally defective and "conceded that the error entitled defendant to withdraw his guilty plea to the felony-firearm charge." *Id*. at 113-114. The prosecution disputed, however, that the defendant was allowed to revoke his plea to the remaining charges. *Id*. at 114. Rather, the prosecution argued that "because any failure to inform defendant regarding the felony-firearm charge was 'extrinsic' to those other charges, defendant was not entitled to withdraw his guilty plea to those other charges." *Id*.

The trial court agreed that there was a procedural defect regarding the felony-firearm conviction and allowed defendant to withdraw his plea in its entirety. *Id*. at 114-115. The prosecution then moved for reconsideration. *Id*. at 115. In the absence of any controlling precedent, the trial court found persuasive the Washington Supreme Court's analysis in *State v Turley*, 149 Wash 2d 395; 69 P3d 338 (2003), in light of which the trial court reasoned that "plea agreements are 'package deals' and indivisible." *Id*. at 116. Therefore, the trial court denied the prosecution's motion. *Id*.

On appeal, this Court agreed with the trial court that *Turley* was persuasive. *Id*. at 125. In *Turley*, the defendant pleaded guilty via a multi-count plea agreement and a procedural defect affected only one of the charges. *Turley*, 149 Wash 2d at 396. The *Turley* defendant argued that the plea agreement was indivisible and that he should be allowed to withdraw his plea to all charges. *Id*. at 397. The *Turley* trial court disagreed, and allowed the defendant to withdraw his plea on only the charge affected by the procedural defect. *Id*. at 397-398. The Washington Supreme Court reversed the trial court, noting that "[a] plea agreement is essentially a contract made between a defendant and the State" and, therefore, contract principles—specifically the intent of the parties—should be used to determine whether the plea agreement should be separable or indivisible. *Id*. at 398, 400. The Washington Supreme Court found that several pieces of evidence indicated that the parties intended that the plea agreement be indivisible: (1) the defendant "negotiated and pleaded to two charges contemporaneously"; (2) "[o]ne document contained the plea to and conditions for both charges"; and (3) the "trial court accepted his plea to both charges at one hearing" and did not separately advise the defendant of the consequences of each individual charge. *Id*. at 400. The Washington Supreme Court found no evidence of any

intent that the plea agreement be separable and concluded that the plea agreement should therefore be indivisible, meaning that the defendant should have been permitted to withdraw his plea to all charges. *Id*. at 400-401.

This Court noted that Michigan courts apply contractual analogies to a plea agreement when doing so would not subvert the ends of justice. *Blanton*, 317 Mich App at 125. This Court concluded, "Given the nature of the plea-bargaining process in Michigan, during which both parties often tend to negotiate a 'package deal,' . . . adherence to *Turley* would not subvert the ends of justice." *Id*. (internal citation and quotation marks omitted). This Court then noted that a single information contained all the charges against the defendant, that the defendant pleaded contemporaneously to multiple charges, and that the trial court accepted defendant's plea to all charges at one hearing. *Id*. at 125-126. This Court concluded that the parties intended the agreement to be indivisible and that the trial court did not abuse its discretion in allowing defendant to withdraw his plea in its entirety. *Id*.

*Blanton* involved the mirror image of the present case—in *Blanton*, this Court held it was not an abuse of discretion for a trial court to grant the defendant's motion to withdraw a plea, while the present case presents the question of whether it was an abuse of discretion for a trial court to deny a similar motion. But, whether *Blanton* is on all fours with the present case is irrelevant given this Court's recent decision in *People v Pointer-Bey*, ___ Mich App ___; ___ NW2d ___ (2017) (Docket No. 333234). In that case, this Court found a similar error in the plea-taking process, where the defendant had not been advised of the maximum possible sentence for one of his pleaded-to convictions. *Id*. at ___; slip op at 3. This Court held that the error rendered the plea process defective, that defendant was entitled to withdraw his plea in its entirety, and that the trial court's denial of the motion was an abuse of discretion. *Id*.

Applying *Blanton* and *Pointer-Bey* to the facts of this case, we conclude that the parties intended that the plea agreement be indivisible. The charges were noticed on the same information and defendant pleaded guilty to both charges in the same proceeding. Although defendant was advised of the separate possible penalties each charge carried, defendant was asked numerous times how he was pleading "on these two counts." Each time, defendant responded with a singular "guilty." Similar questioning regarding the plea agreement referred to the charges collectively. Defendant signed one advice-of-rights form, and the trial court entered his pleas by signing one order. We find no evidence in the record that, at the time of adoption, the parties intended that the plea agreement be separable; rather, the totality of the evidence indicates that the parties made a singular, indivisible agreement.

Thus, under these circumstances, defendant was entitled to revoke his plea in its entirety. The trial court abused its discretion by denying defendant's motion.

Accordingly, we vacate the trial court's order denying defendant's motion to withdraw his plea and remand this matter to the trial court for further proceedings consistent with this opinion and MCR 6.310(C). Because we conclude that defendant was entitled to revoke his plea in its entirety, we need not address defendant's arguments that his counsel ineffectively advised

defendant or coerced defendant into accepting the plea and that the trial court erred in scoring defendant's guidelines range. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/Brock A. Swartzle