*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

BRANDON DEVONTE OWENS,

Defendant-Appellee.

FOR PUBLICATION
July 14, 2025
10:06 AM

No. 373467
Wayne Circuit Court
LC No. 23-005477-01-FH

Before: GADOLA, C.J., and RICK and YATES, JJ.

RICK, J.

The prosecution appeals by delayed leave granted[1] the trial court's order granting defendant's motion to withdraw his guilty plea under MCR 6.310(B) (withdrawal after acceptance but before sentence). We reverse and remand.

## I. FACTUAL BACKGROUND

This case arises out of an encounter that took place between Detroit Police officers and defendant in October 2023. Detroit Police Officer Christopher Davis and his partner responded to a call regarding drag racing in progress. When they arrived on the scene, Officer Davis, who was in full police uniform, approached the front of a Ford Mustang. Amid the revving engines of approximately 20 vehicles, the officer repeatedly ordered the driver, later identified as defendant, to turn off the engine and get out of his car. Defendant did not comply. Officer Davis indicated that defendant hit the gas, driving toward him and striking the officer in the leg. In response, Officer Davis fired his weapon twice toward defendant's vehicle. Defendant was struck in the neck by a bullet. Officer Davis called emergency medical services and his partner rendered aid to defendant. Defendant subsequently underwent a series of reconstructive surgeries to repair the damage to his neck.

---

[1] *People v Owens*, unpublished order of the Court of Appeals, entered January 22, 2025 (Docket No. 373467).

Defendant was charged with assault with a dangerous weapon (felonious assault), MCL 750.82; assaulting, resisting, or obstructing a police officer, MCL 750.81d(1); and operating a motor vehicle with a suspended or revoked license, MCL 257.904(1). He initially pleaded not guilty, but later agreed to plead guilty to assaulting, resisting, or obstructing a police officer, as a second-offense habitual offender, MCL 769.10, with the specific sentence of two years' probation and other conditions.[2] In exchange, the prosecution agreed to dismiss the charges of felonious assault and operating a motor vehicle with a suspended or revoked license.

At the time of his arrest, defendant was serving a two-year term of probation for an unrelated conviction of third-degree fleeing and eluding, MCL 257.602a(3). During the plea hearing, defendant acknowledged that he was aware that, by pleading guilty, he would be "automatically violating" the terms of his existing probation. The trial court questioned defendant to establish that he was acting of his own free will and with a full understanding of his right to a trial. Defendant was questioned by defense counsel and the prosecutor to establish the factual basis for the guilty plea. The trial court thereafter accepted defendant's guilty plea to assaulting, resisting, or obstructing a police officer, as a second-offense habitual offender, and set the matter for sentencing.

At sentencing, the trial court expressed some reservations about the plea agreement. The court asked whether Officer Davis had been seriously injured and asked defendant questions about the nature of his injuries. The court additionally made the following statement:

> *The Court*: This is unreal, this is unreal. This is—I don't know what to say, honest to God. Prosecutor I know it's not your case and you're covering, but shame on your office. This is unreal, honest to God.
>
> * * *
>
> *The Court*: You should have charged that officer.[3]

The trial court then made the following statement regarding bodycam footage captured during the incident:

> The initial response was for drag racing. There's about twenty cars there and these freaking cowboys are just looking for an issue. That's how the Court reads it. This is crazy. And the only reason that [defendant] is alive is by pure luck. He shot him in the neck at like two feet away. This is—
>
> Traffic was bumper to bumper, the kid couldn't go anywhere. So I don't why [sic] the officer felt—I mean it was like you know Saturday night, let me figure

---

[2] The other conditions were that defendant "[m]ust not drive without a valid driver's license, must complete an improved driver's safety course, must complete cognitive behavioral therapy and any other terms and conditions set by [the] Court."

[3] As transcribed, this comment is attributed to defense counsel. Viewing the statement in context, however, it appears this was a transcription error, and the trial court made the comment.

out a reason to pull my duty weapon. What a, what an embarrassment, what an absolutely [sic] tragedy for nothing.

Counsel I'm kind of limited because it's a sentence agreement, but I'm not limited at the same time. So I'm trying to again balance out what was agreed to, but—

At this juncture, defense counsel again stated that the sentence agreement was for two years' probation, but agreed that he did not show the bodycam footage at the plea hearing. The court proceeded to discuss its issues with the plea agreement, stating:

*The Court*: I mean that's just—Counsel I mean I'll honor the agreement, I'm just, I just—This is so concerning. All of the adrenaline and all of the yelling and twenty cars and these cowboys screaming. Who even knows what he thought they were saying or, or doing. I mean—

I'm, I'm going to ask counsel and the prosecution to speak to the supervising prosecutor today and see if maybe—I don't know, I don't know—You know the problem is, is that everyone is worried about civil liability coming into play here. It's beyond what I can control, but I don't, I don't know if [defendant] should really end up with a felony for—

Why don't you go talk to your supervising attorney and tell him the Judge is concerned[?]

[*Prosecutor*]: If we can have a few moments I can go upstairs and we can—

*The Court*: Yeah, I'll balance this out in sentencing. That's no problem.

[*Defense Counsel*]: Real good.

*The Court*: But at the end of the day we've got a young guy that, that almost died. Has life long [sic] injuries and those are not going to cure. I mean, he's had multiple surgeries, he's had therapy. I mean come on. I don't—It's, it's—I don't believe he even heard the cop, honest to God with all of the yelling and the cop jumping up and down like a cowboy.

After an approximate 90-minute recess, the sentencing hearing resumed, and the trial court explained that, during the recess, counsel for both parties spoke to the "supervising attorney," and that the trial court "expressed some concern." The trial court asked defense counsel for his "request or position[,]" and defense counsel then orally moved to withdraw defendant's guilty plea "in the interest of justice." Defense counsel noted that defendant had the right to request to withdraw his guilty plea before sentencing, and the decision was within the trial court's discretion. Defense counsel concluded by stating, "There are some things that we, that we have reviewed that made me to [sic] believe my client may, in fact, be innocent."

The prosecutor stated that the prosecution would be willing to stipulate to "a further reduced plea to a misdemeanor, Attempt [sic] Resisting and Obstructing a Police Officer, which

is a one[-]year misdemeanor." However, the prosecutor objected to the withdrawal of defendant's plea, noting that there was no evidence that "that the plea was taken without being know[ing] or voluntary or anything that would allow a full withdrawal of the plea."

After considering the parties' arguments, the trial court ruled in defendant's favor, succinctly stating that it was granting the motion to withdraw the plea "in the interest of justice[.]" An order to that effect was later entered. This appeal followed.

## II. ANALYSIS

The prosecution argues that the trial court abused its discretion by permitting defendant to withdraw his plea without establishing proper grounds to do so. We agree.

"This Court reviews a trial court's decision regarding a motion to withdraw a plea for an abuse of discretion." *People v Bailey*, 330 Mich App 41, 49; 944 NW2d 370 (2019). "An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes." *Id*. at 50 (quotation marks and citations omitted). "This Court reviews all underlying questions of law de novo," and the trial court's factual findings are reviewed for clear error. *Id*. Clear error occurs "if, after a review of the record, this Court is left with a definite and firm conviction that a mistake was made." *People v Meeker (On Remand)*, 340 Mich App 559, 563; 986 NW2d 622 (2022).

Withdrawal of a plea made after acceptance of the plea, but before sentencing, is governed by MCR 6.310(B). MCR 6.310(B)(1) provides, in relevant part:

> [A] plea must be withdrawn on the defendant's motion or with the defendant's consent, only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea.

Thus, a defendant is only entitled to withdraw a plea if he can show the withdrawal is within the "interest[s] of justice." See *People v Fonville*, 291 Mich App 363, 377-378; 804 NW2d 878 (2011). "A plea is considered to be withdrawn 'in the interest of justice' if a defendant provides 'a fair and just reason' for withdrawing the plea." *People v Bailey*, 330 Mich App 41, 50; 944 NW2d 370 (2019). "Fair and just reasons include reasons like a claim of actual innocence or a valid defense to the charge," *Fonville*, 291 Mich App at 378, and also situations where the plea in question is shown to be a "product of fraud, duress, or coercion," *People v Gomer*, 206 Mich App 55, 58; 520 NW2d 360 (1994) (quotation marks and citation omitted). In contrast, "[t]hings that are not considered fair and just reasons are dissatisfaction with the sentence or incorrect advice from the defendant's attorney." *Fonville*, 291 Mich App at 378. The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea under MCR 6.310(B)(1). *People v Wilhite*, 240 Mich App 587, 594; 618 NW2d 386 (2000).

The prosecution argues that the trial court abused its discretion by permitting defendant to withdraw his plea because defendant did not demonstrate "a fair and just reason" for permitting the withdrawal. At the outset of the sentencing hearing, the trial court was hesitant to continue with the plea agreement, as more information regarding the incident had come to the court's attention. Specifically, the court was provided the bodycam footage of the incident and questioned

-4-

defendant more fully regarding the injuries he sustained from the incident. This included a description of the injury to defendant's neck and vocal cords, the surgeries and care he required as a result of the shooting, and the long-term effects of the shooting. The court expressed its disagreement with the officers' actions and the manner in which Officer Davis handled the situation. The trial court went so far as to suggest that based on his actions, the officer should be criminally charged for shooting the defendant.

Following the court's interest in the circumstances surrounding the incident, defense counsel moved to withdraw defendant's plea "in the interest of justice," because counsel had reason to "believe [his] client may, in fact, be innocent." However, defense counsel did not elaborate on why he believed defendant was innocent. The record indicates that defense counsel had access to the bodycam footage at the time the plea was entered, and as the prosecution points out on appeal, the "shooting . . . ha[d] no impact on *whether* [defendant] committed the crime." Further, when defendant entered his plea, he admitted on the record that he was aware that Officer Davis was a police officer and agreed that he failed to comply with the lawful and direct orders of the police. Thus, defendant willingly admitted he was guilty of the charged crime and did not challenge any of its elements, either at the plea hearing or at sentencing. Indeed, the only thing that appeared to have changed between the plea hearing and sentencing was the trial court's perspective of the case and the terms of the plea agreement.

As earlier noted, during the sentencing hearing, the court was presented with bodycam footage of the incident for the first time. The court reasoned that the severe injuries sustained by defendant were cause enough to grant the motion for withdrawal of the plea. The crux of the court's reasoning suggests only that it believed defendant had suffered enough as a result of his encounter with the police. This, in turn, appears to have led defense counsel to seek to withdraw defendant's plea. We understand the trial court's concern for the handling of the situation, which clearly resulted in severe injury to defendant. We appreciate that had the trial court reviewed the bodycam of the event prior to taking the plea, it may have suggested a conference with the parties before accepting the plea agreement. Even so, MCR 6.310(B) and relevant caselaw set forth the proper process that the trial court must follow when deciding whether to permit withdrawal of a guilty plea. Additionally, we emphasize again that the defendant bears the burden of showing a fair and just reason to withdraw the plea. See *Bailey*, 330 Mich App at 50. The court here relied heavily on its sympathy toward defendant when deciding on the motion for withdrawal, rather than on the legal standard for granting a motion for withdrawal of a plea under MCR 6.310(B). At no point did it require defendant to meet the burden of providing a fair and just reason for withdrawal of his plea under MCR 6.310(B)(1).[4] On this record, the trial court abused its discretion by granting defendant's motion to withdraw the plea. On remand, defendant's plea must be reinstated.

---

[4] We also note that the trial court essentially attempted to circumvent sentencing defendant in accordance with the plea agreement, even though it is undisputed that defendant knowingly and voluntarily pleaded guilty as part of a valid plea agreement. While the trial court may decline to impose an agreed-upon sentence "for a specified term or within a specified range", see MCR 6.310(B)(2), it must then state the sentence that it finds appropriate before giving the defendant an opportunity to withdraw the plea. The court did not follow that procedure in this

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Michael F. Gadola
/s/ Christopher P. Yates

---

matter. Instead, the court simply declined to honor the plea agreement between the parties and provided defense counsel an opportunity to move to withdraw the plea without adhering to the procedures set forth in MCR 6.310.